STATE v. WILLIAM TANLEY.[1]

October 7, 1927.

No. 26,274.

**Conviction sustained.**

1. The evidence sustains the verdict finding the defendant guilty of carnally knowing a female child under the age of 18 years.

**New trial not required because of incident in court room.**

2. The sister of the prosecutrix was a witness. During her cross-examination her father made a demonstration in the court room as stated in the opinion. The court admonished the jury to disregard it and the trial proceeded. It is *held* that the incident was not of a character requiring a new trial.

Criminal Law, 16 C. J. p. 1119 n. 34; p. 1122 n. 65; 17 C. J. p. 248 n. 3, 12.
Rape, 33 Cyc. p. 1491 n. 52.

[1]Reported in 215 N. W. 514.

Defendant appealed from an order of the district court for Blue Earth county, Harry A. Johnson, J., denying his motion for a new trial. Affirmed.

*John E. Regan,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Frank E. Morse,* County Attorney, for the state.

DIBELL, J.

The defendant was convicted of the crime of carnally knowing a female child under the age of 18 years. He appeals from an order denying his motion for a new trial.

1. The prosecutrix testified directly to the specific act. The defendant denied it. There were circumstances supporting the testimony of the prosecutrix. There was evidence in behalf of the defendant tending to show the commission of the crime unlikely. The verdict is sustained by the evidence. It should not be disturbed by us and a review of the testimony would not be profitable.

2. A sister of the prosecutrix was under cross-examination. Her father advanced from the court room toward the defendant's attorney and said: "Don't get hard with her, young man— * * * I want you to understand you can't abuse her." He then directed derogatory remarks toward the defendant. He was removed from the court room at the direction of the court and the jury was admonished to disregard the incident. The trial proceeded. There was no further reference to the incident. It was not suggested that the court direct a mistrial nor that it do more than it did. The father had testified as to the age of the prosecutrix. He knew nothing else relevant. His outbreak was not by way of a challenge of the testimony of a witness nor was it a display of public feeling against the defendant. It was personal. The trial court was in the better position to determine its likely effect. It had the first responsibility. Each case must be largely determined on its own facts. We see no occasion for disturbing the trial court's holding. See State v. Renaud, 50 La. Ann. 662, 23 So. 894; Stevens v. Commonwealth, 124 Ky. 32, 98 S. W. 284; State v. Dangelo, 182 Iowa, 1253,

166 N. W. 587; State v. Thomas, 135 Iowa, 717, 109 N. W. 900; Burns v. State, 89 Ga. 527, 15 S. E. 748; State v. Dusenberry, 112 Mo. 277, 20 S. W. 461.

Order affirmed.