BRASSELL *vs.* THE STATE OF GEORGIA.

1. Exception to the entire charge will not be held good unless the whole charge be wrong.

2. Where no point is made in the argument before the jury, or insisted upon or contended before the court, that the case might be involuntary manslaughter, and such grade of homicide is not apparent at all from the evidence, the court need not charge thereon further than to read the sections of the Code which bear upon it, unless specially requested to do so.

3. Where no request is made to charge in respect to the prisoner's statement, and no injury seems to have been done defendant by the omission to charge in regard thereto, the omission will not require a new trial—especially where the evidence abundantly sustains, if it did not absolutely compel, the verdict.

Practice in the Supreme Court. Criminal law. Charge of Court. Before Judge HILLYER. Clayton Superior Court. March Term, 1879.

To the report contained in the opinion, it is only necessary to add that three grounds of the motion for new trial were as follows:

(1.) Because the verdict was contrary to law and the evidence.

(2.) Because the court failed to charge the law of involuntary manslaughter.

(3.) Because the court failed to charge the law touching the prisoner's statement.

J. D. STEWART; W. L. WATERSON, by brief, for plaintiff in error.

B. H. HILL, solicitor-general, by brief, for the state.

JACKSON, Justice.

The defendant was indicted for murder, he was found guilty of voluntary manslaughter, and moving for a new trial it was refused, and error is assigned here on that refusal.

1. A general exception to the whole charge will not be considered unless the whole of it is wrong, and the motion for new trial must specify what is alleged to be erroneous, unless all of it be so.  60 *Ga.*, 82, 107 ; 14 *Ib.*, 404 ; Code, §4251.

2. Where no point is made that the facts make a case of involuntary manslaughter, either in argument before the court and jury or by request to charge the law thereon, the court need not instruct the jury touching that grade of homicide further than to read the sections of the Code thereon, unless the facts place such an issue prominently in the case.  The facts of this case do not make this grade of homicide at all apparent.  Where two have been engaged in a fight, and one turns off and the other strikes him with a pine-limb likely to produce death by hurling it at him, and making a large hole in the back of his head, killing him instantly, the intention to kill is clear, and the case is murder or voluntary manslaughter.  28 *Ga.*, 200.

3. No request was made to charge in respect to prisoner's statement in writing or orally, nor would it, if made, have benefited the defendant in all human probability.  The statement scarcely varies the testimony at all.  The facts as detailed by the witnesses are not materially changed or explained to the defendant's advantage, and the only thing in it of substance going to his benefit, is the assertion that he did not intend to kill the deceased.  The jury would hardly have credited that against the fact that the pine-limb was hurled with such force at deceased, as he was walking off, as to cut a huge hole in the back of his head, and to kill him instantly. .

The verdict might have been murder ; the facts are ample to support that of voluntary manslaughter..

Judgment affirmed.