## CHRISTIE *vs.* WHITTEN.

1. An order having been taken in term time, setting the hearing of a motion for new trial at chambers during the session of court in another county, and allowing until that time for the motion and brief of evidence to be perfected, if the presiding judge was unable to be present at the appointed time and place from providential cause, he had power, though in a different county, to pass an order continuing the case to another time and place, and then to hear it. The hearing under such order was legal, and a motion to dismiss the motion for new trial on the ground that the time for hearing had passed, was properly overruled.  63 *Ga*, 309; *Brantley et al. vs. Hass,* (present term).
2. There was no abuse of discretion in granting a first new trial in this case.

October 10, 1882.

SPEER, Justice.

## BRAY *vs.* THE STATE OF GEORGIA.

1. The verdict is supported by the evidence.
2. Where counsel for defendant in a criminal case made various requests to charge, which were given, but no request was made as to the prisoner's statement, it will not require a new trial that the court omitted to allude to the statement in his charge.
(*a.*) Especially so where the statement contained no explanation of anything pointing to his guilt, and was merely an amplification of the plea of not guilty.
3. Where the court summed up the facts sought to be proved by the state, the defendant introducing no evidence, and instructed the jury to consider whether these facts were proved, and to take these and all other facts into consideration, and determine whether they were sufficient to convict, such charge was not error.
(*a.*) The entire charge not being set out will be presumed to have been full and correct.
4. Where the presiding judge stated that he considered a case weak, but overruled a motion for new trial, one ground of which was, that the verdict was contrary to law and evidence, his legal judgment expressed in overruling the motion will control, and there being sufficient evidence to support the verdict, this court will not interfere.

December 30, 1882.

JACKSON, Chief Justice.