BAGBY vs. THE STATE OF GEORGIA.

If a dealer in spirituous liquors, whose place of business is beyond
the limits of a prohibition county, receives an order for whiskey
to be delivered in such county, and does deliver it there, whether
by himself or agent, and receives pay for it, the sale is consummated
in that county, there being no intermediate delivery to or through a
common carrier.

May 15, 1889.

Criminal law. Liquor. Sales. Before Judge BOYN-
TON. Newton superior court. September term, 1888.

Reported in the decision.

MIDDLEBROOKS & SIMMS, by brief, for plaintiff in error.

EMMETT WOMACK, solicitor-general, for the State.

BLECKLEY, Chief Justice.

A prohibition law against the sale of spirituous liq-
uors prevails in Newton county. Bagby was indicted,
tried and convicted for a violation of that law. The
evidence showed that he, being in Covington, received
from one Anderson a sealed letter addressed to himself
at Rutledge, which is in Morgan county. The letter
contained an order for a quart of corn whiskey, to be
delivered in Covington; but Anderson did not commu-
nicate all the contents of the letter to Bagby, who was
going towards the post-office. Anderson requested him
to please mail it for him, telling him that it was an
order for some whiskey. The whiskey came, and was
left at one Jarboe's, and Anderson received it at Jar-
boe's store in Covington, Newton county. Afterwards
he paid Bagby for it, telling him he wanted to pay him
for that "corn" he got from Mr. Vining, who it seems
transacted Bagby's business at Rutledge. At the time

of paying the money, Anderson requested Bagby to credit or cancel the account against him at Rutledge.

The question is, whether the sale was consummated in Morgan county or in Newton county. We think most clearly it was in Newton county. The order addressed to Bagby was delivered to him there. The whiskey was received there, and as we infer from the evidence, was there paid for. As far as appears, there was no contract for delivery elsewhere. Nothing was said, in or out of the order, about delivery to a carrier at Rutledge, or if so, there was no account of it in the evidence. It is true Bagby did not read the order, but only received it to mail to himself to his place of business. He was, however, told that it was an order for whiskey. He may not have complied with it in person, but he was instrumental, by mailing it, in having his clerk or agent comply with it, and there is no reason to suppose that he did not know what he was doing, or that he was unwilling for his clerk to deliver the whiskey. The case is altogether unlike that of *Dunn vs. The State*, last term, 82 *Ga.* 27, in which delivery was contemplated to a common carrier at Atlanta, a place at which there was no prohibition upon the sale of spirituous liquors. Here delivery was to be made and was made in Newton county, and by what means or mode of conveyance the package reached Jarboe's is not explained. For aught that is known, Bagby or his clerk may have left it at Jarboe's store, and that store may have been their regular depot for such purposes.

We see no error in any of the grounds of the motion for a new trial, and in our opinion, the court did not err in overruling the motion.

Judgment affirmed.