## BURNS *v.* THE STATE.

1. Marriage relates the husband to the wife's kindred, but does not relate any of his kindred to hers. Consequently, a man whose brother had married the prisoner's sister was not, for that reason, incompetent as a juror to try the prisoner for an offence.
2. Where during the argument of the State's counsel in a capital case some of the spectators made demonstrations of approval which were not distinctly heard by the presiding judge and of which he did not know the import, and his attention was not called to the same by counsel, or otherwise, until after the jury had retired, his failure to reprimand the disorderly persons, or to take any official action touching the matter, is no cause for a new trial.
3. It is no failure to comply with a request to charge the jury in writing for the judge, instead of copying into his charge sections of the code which he submits to the jury, to read these sections *verbatim* from the code itself, noting accurately in his written charge the sections so read; but it is error for him to instruct the

jury orally as to the form of their verdict, instead of writing out and reading such instructions as a part of the written charge given. The request to charge in writing covers all final instructions to the jury touching their action upon the case.

4. In charging on the prisoner s statement, the court should instruct the jury that they may believe it in preference to the sworn testimony as laid down in §4637 of the code.

5. According to §4303 of the code, in order for duress or fear produced by threats or menaces, to be a valid legal excuse for doing anything which would otherwise be criminal, the act must have been done under such threats or menaces as show that life or member was in danger, or that there was reasonable cause to believe and actual belief that there was such danger. The danger must not be one of future violence, but of present and immediate violence at the time of the commission of the forbidden act. Thus, where the forbidden act is perjury by a witness at a coroner's inquest, the danger of death or dismemberment at some future time, in the absence of all danger at the time of testifying, will not excuse. In so far as the case of *Williams* v. *The State*, 69 *Ga.* 11, conflicts with this holding, the decision then pronounced is modified.

6. Though fear of future violence to life or member will not justify or excuse, it may afford a moral explanation of perjury sufficient to account to the jury for false testimony, and where the explanation is satisfactory to them, the witness may be believed, with or without corroborating circumstances, or supporting evidence, though he or she admits the falsehood of the testimony formerly given and now deposes directly to the contrary of that testimony. *McCoy* v. *The State*, 78 *Ga.* 490, affirmed.

7. A person who aids and assists in the commission of a crime or in measures taken to conceal it and protect the criminal, is not relieved from criminality as an accomplice on account of fear excited by threats or menaces, unless the danger be to life or member, nor unless that danger be present and immediate as above announced touching fear under the influence of which perjury is committed.      *Judgment reversed.*

August 23, 1892. Argued at the last term ; reargued at this term.

Criminal law. Murder. Relationship of juror. Conduct of trial. Charge of court. Prisoner's statement. Perjury. Duress. Accomplice. Before Judge WELLBORN. Lumpkin superior court. October adjourned term, 1890.

Burns was convicted of murder. The principal witness against him was his stepmother. She was the only

witness who professed to have seen the killing, and it is
to her evidence that most of the grounds of the motion
for new trial refer.   This motion was overruled, and the
defendant excepted.   The following grounds are therein
contained :

Error in holding that Berry, one of the jurors on the
regular panel, was disqualified, striking him for cause
upon his statement, when put upon his *voir dire*, that he
was related to the defendant as follows : that his brother
had married defendant's sister, that his brother had been
dead since the war, and his widow had intermarried
with one Newberry upwards of twenty years ago.

When the State's counsel had reached the conclusion
of the concluding argument and just as he had finished
an appeal to the jury to visit upon the defendant the
extreme penalty of the law, one Burt, a relation of the
deceased and a minister of the gospel, and Milhollin,
one of the State's witnesses, united in saying in an
audible voice and in the hearing of the court and jury,
" Amen! amen !!"   The court took no action to punish
them, nor were they reprimanded.   As to this ground
the judge states :  He heard some expression or word
spoken by some one as counsel for prosecution was
closing his speech, but did not know who uttered it, and
it was not of a character to attract any attention as an
expression of opinion upon the part of any one ; nor
did it seem to have the effect of disturbing any one or
of attracting the attention of the jury.   He took no
action in it ; did not know what was said or who said it
until after the jury had been sent out.

Error in not giving the entire charge to the jury in
writing, defendant's counsel having made a written
request to the court so to do, prior to the beginning of
the argument.   As to this ground the court states :
Where sections of the code were given in charge, he
wrote the number of the section followed by the word

" read," and read the language from the code itself. The closing part of the charge, as to the form of the verdict and the power of the jury to recommend the defendant to imprisonment for life, was not written but given orally. With these exceptions, the entire charge was in writing and read to the jury. The entire charge as given was reported by the official stenographer.

In charging on the prisoner's statement, the court failed to inform the jury that they might believe the statement in preference to the sworn testimony.

Error in the following instructions :

"The jury are to weigh and consider all the evidence introduced by the defendant as well as that introduced by the State, and along with it they are to consider the statement of the defendant, and say from it all what conclusion it brings you to. The law clothes you with the power of giving to the defendant's statement just such weight and credit as you honestly believe it is entitled to. You may believe it or disbelieve it just as you may think the interests of truth require. If the evidence, considered along with the defendant's statement, satisfies your minds beyond a reasonable doubt that the defendant is guilty, it would be your duty so to find.

" If a witness has sworn falsely and claims to have acted under duress or fear of injury, I charge you that such fear of injury must have been the fear which would have been felt by a reasonable person situated and surrounded as the witness was when she testified, before it would excuse her from falsehood or suppression of the truth.

" Where a witness testifies to a state of facts which would make such witness an accomplice or accessory to the crime, but testifies at the same time that she acted not voluntarily but under coercion and fear, the jury trying the case would treat her as an accomplice if they

believe from all the evidence she acted voluntarily. But if they believe she acted under compulsion and fear, and that the fear under which she claims to have acted was such as would have influenced a reasonable person similarly situated to have acted as she did, then her acts, not done voluntarily but under compulsion, would not make her an accomplice."

Verdict contrary to the following charge: "If a witness knowingly and wilfully swears falsely to a certain state of facts on one trial, and to the contrary on the second trial of the same case, admitting that the testimony as first given was false, I charge you that the testimony of such witness should be rejected entirely, unless it be corroborated by the facts and circumstances of the case or other credible evidence."

Error in refusing to charge as requested: "If a witness swears to a state of facts before a coroner's jury of inquest in the presence of the officers of the law, with ample protection guaranteed to her to shield her from harm to life or limb, and on the trial of the indictment such witness admits that such testimony given at the coroner's inquest is false, and now testifies to another and different state of facts which are material to the issue, then such witness has committed perjury and is not to be believed, but her evidence is to be entirely rejected unless corroborated by the circumstances of the case or other credible evidence.

"If a witness has sworn falsely and claims to have acted under duress, or fear of injury, then I charge you that before such duress would excuse for the same, the danger or apparent danger must be a present impending one, and not a mere remote contingency referable to an indefinite future.

"I charge you that fear is not a a legal excuse for perjury committed in a legal tribunal (and a coroner's inquest is a legal tribunal) in the midst of the officers

and ministers of the law, with full opportunity to demand surety of the peace, and to appeal to the State for protection. Especially is this true where surety of the peace and protection is extended and guaranteed. I furthermore charge you that under such circumstances there can be no duress.

" If a witness testifies that she swore falsely at one time and committed perjury under the rules I have heretofore given you, then you would not be authorized to convict the prisoner on the evidence of such witness, unless said witness was corroborated, and the corroborating circumstances necessary must be such as go to connect the defendant with the offence, and it is not sufficient that the witness is corroborated as to the time, place and circumstances of the transaction, if there be nothing to show any connection of the defendant with the crime itself except the statement of such witness."

PRICE & CHARTERS and W. F. FINDLEY, for plaintiff in error.

W. A. LITTLE, attorney-general, and HOWARD THOMPSON, solicitor-general, *contra.*