## WHEELESS *v.* THE STATE.

1. Where the solicitor-general in examining a witness makes an irrelevant or improper remark and is reproved by the court for it and thereupon apologizes, there is no cause for a new trial. Nor is a remark made by him to the jury, on which no ruling of the court appears or was invoked, cause for a new trial.
2. In charging the jury on the prisoner's statement the court should give all the provisions of the statute; and if one of them be casually omitted, attention should be called thereto by counsel so that the omission can be supplied. Failure to complain until after verdict is not correct practice. In order to have a charge of the court reviewed, the matter complained of must be set out in the motion for a new trial or in the bill of exceptions.
3. The evidence warranted the verdict, and there was no error in denying a new trial.

March 14, 1893.

Indictment for simple larceny. Before Judge GUERRY. Oglethorpe superior court. October term, 1892.

Wheeless was convicted of stealing a mule, and his motion for a new trial was overruled. The motion alleges, in addition to the general grounds, that the solicitor-general said, in the presence of the jury, to a witness on the stand, that it might have been a lesson in the right direction in his little son's education, had he come

with him and witnessed the trial and consequences of this case. The court's attention was called to this remark, and he reproved the solicitor-general, who apologized then and there. It appears from the evidence that a witness testified that defendant, under the name of Smith, came to his house and swapped him a mare for a mule, and while there, was quite complimentary to witness's little boy. Other testimony indicates that defendant had traded the stolen mule for the mare. A further ground of the motion is, that the solicitor-general stated, in the presence of the jury, that a cart which defendant had sold to a witness was afterwards claimed by another and taken from the witness; and this after the court had refused to allow the question, " What became of the cart you got from the defendant." The other grounds are, that the court failed to charge that the jury might believe the prisoner's statement in preference to the sworn testimony; and erred in charging "as to the description of the animal stolen."

W. G. JOHNSON and THOMAS & STRICKLAND, by brief, for plaintiff in error. W. M. HOWARD, solicitor-general, by J. H. LUMPKIN, *contra.*

BLECKLEY, Chief Justice.

1. For his first impropriety the solicitor-general was reproved by the court, and he made a prompt and public apology. In all probability this counteracted and corrected any effect harmful to the accused which that impropriety was calculated to produce on the jury. His second impropriety was passed *sub silentia* until the trial was over. The wait was too long. Nobody complained, the court's attention was not called to it, no ruling upon it was requested or made. The solicitor-general erred, but we cannot say the court did,—at all events, not to such extent as to be cause for a new trial.

2. In charging the jury upon the prisoner's statement, the court omitted to say, either in the words or the sense

of the statute, that they could believe the statement in preference to the sworn testimony.   Of course this ought to have been said, for the whole law of the statement should be charged.   The omission was evidently by oversight, and the faintest suggestion from the able and vigilant counsel of the accused, if made in time, would have caused the court to supply the omitted words.   But this would have lost the point afterwards made on the charge; and to save it was, perhaps, desirable as matter of deliberate forethought.   Counsel should aid the court rather than seek to store up a mere lapse of this sort as ground for a new trial.

3. The evidence was sufficient, and overruling the motion for a new trial was not error.

*Judgment affirmed.*