## DOSTER *v.* THE STATE.

93   43
105   491
93   43
107   675

93   43
113   14

93   43
116   740

93   43
124   453
124   825
93   43
126   579

1. As ruled in *Mathis* v. *The State*, this term, the authority to grant licenses to sell spirituous liquors in Putnam county is vested exclusively in the commissioners of roads and revenues of that county.

2. Delivery, whether made by the seller or his employee, if requisite to complete a sale the contract for which, with payment of the purchase price, was made elsewhere, is contrary to law if the seller has no license authorizing him to sell in the county where the delivery takes place. In such case the sale is to be treated as made, not where the contract was entered into and the purchase money paid, but where it was completed by delivery.

3. The propounding of a leading question to a witness is no cause for a new trial, especially when the answer is harmless.

4. It is the duty of the presiding judge to instruct the jury substantially in the terms of the statute touching the prisoner's statement, when he makes a statement, and in no case should this be omitted. But where the statement is entirely silent touching one of the transactions covered by the evidence for the State, and the proof as to that transaction is uncontroverted and sufficient to warrant and uphold the conviction, the omission will not require a new trial. If, after giving the prisoner the full benefit of his statement by allowing it to outweigh all the evidence opposing it, or which it opposes, the verdict is correct, it may be left to stand.

5. There was no error in overruling the *certiorari*.

November 20, 1893.

*Certiorari.* Before Judge JENKINS. Putnam superior court. September term, 1893.

H. A. JENKINS, CALVIN GEORGE and HARRISON & PEEPLES, for plaintiff in error.

H. G. LEWIS, solicitor-general, by HINES, SHUBRICK & FELDER and J. S. TURNER, *contra.*

LUMPKIN, Justice.

1. Under the ruling in *Mathis* v. *The State*, decided this term, there was no error in overruling the demurrer to the indictment. It was held in that case that the authority to grant licenses to sell spirituous liquors in Putnam county was vested exclusively in the board of commissioners of roads and revenues, and that it was a

misdemeanor to sell such liquors in any quantity in that county without a license from that board. *Ante,* 38.

2. In one view of the evidence introduced by the State, the jury were warranted in finding that the accused, whose place of business was in · Morgan county, had in that county bargained to one Tom Davis a quantity of whisky at a price agreed upon and paid; that the whisky so contracted for was not separated from the general stock of the accused, or delivered to Davis, but it was understood between the parties that the same was to be sent by express to Davis in Eatonton, which place was in Putnam county; that the delivery was not, however, made in the manner contemplated by the parties, but that afterwards one Bob O'Neil, an employee of the accused in his bar-room, took the whisky to Putnam county, and there delivered it to Davis in person. Had the whisky been delivered to the express company, which was a common carrier, it would have been a constructive delivery to the purchaser, Davis, and therefore the sale would have been complete in Morgan county; but as the delivery was not thus made, but in the manner above stated, the sale was never consummated in Morgan county, and only became complete when Davis received the whisky in Eatonton. Therefore, according to the principle laid down in *Bagby* v. *The State,* 82 *Ga.* 786, the sale, in contemplation of law, took place in Putnam county. This, in substance, though not in the clearest terms, the trial court charged. In the charge as given we see no error requiring a new trial.

3. The third head-note presents nothing requiring comment.

4. The fourth head-note succinctly, but with sufficient clearness, states the duty of the trial judge in reference to charging concerning the prisoner's statement. In the performance of this duty, the judge should never fail to instruct the jury that they may believe the

statement in preference to the sworn testimony in the case. The omission to do so, however, will not in every case render necessary the grant of a new trial. The present case affords an instance of this kind. Two witnesses swore positively they had purchased whisky from the accused in Putnam county. In his statement, he denied the truth of their testimony. A third witness, his own employee above mentioned, testified concerning the sale to Tom Davis, discussed in a previous division of this opinion. In his statement, the accused made no reference whatever to the testimony of this latter witness, which was of itself sufficient to warrant a conviction. Therefore, giving the prisoner the full benefit of his statement, by allowing it to outweigh and overcome the testimony of both of the two witnesses first above referred to, there would still be left uncontroverted evidence sufficient to sustain a verdict of guilty. On the supposition that the jury utterly rejected the testimony of the first two witnesses (and this is certainly conceding to the accused all he is entitled to), enough was left to support a conviction, and we therefore do not feel constrained to set it aside.

5. It appears from the foregoing that the verdict of guilty was warranted by the evidence, and no error of law having been committed by the trial judge which would authorize the grant of a new trial, his judgment overruling the *certiorari* must stand.

*Judgment affirmed.*