BARFIELD v. THE STATE.

LUMPKIN, P. J.    1. Failure by the judge on the trial of a criminal case
    to allude in his charge to the statement of the accused will not re-
    quire the granting of a new trial, when there was no request to
    charge upon this subject and the omission to do so resulted in no in-
    jury to the accused.  Brassell v. State, 64 Ga. 318; Bray v. State, 69
    Ga. 765; Seyden v. State, 78 Ga. 106; Underwood v. State, 88 Ga. 51.
    The case of Doster v. State, 93 Ga. 43, ·is in some respects not pre-
    cisely applicable to the present case, but the opinion therein (pp. 44,
    45) recognizes the correctness of what is above laid down.
:2. The evidence warranted the verdict, and the record discloses no
    cause for granting a new trial.
                    Judgment affirmed.   All the Justices concurring.

                    Argued May 2, — Decided May 24, 1898.

    Indictment for assault and battery.   Before Judge Little-
john.   Macon superior court.   November term, 1897.

    James M. DuPree, for plaintiff in error.
    Frank A. Hooper, solicitor-general, contra.

---

GILREATH v. THE STATE.

LITTLE, J.    This case involves no question of law; the evidence fully
    warranted the verdict; and the trial judge rightly held that the
    newly discovered evidence did not afford sufficient cause for granting
    a new trial.    Judgment affirmed.   All the Justices concurring.

                    Submitted May 2, — Decided May 25, 1898.

    Indictment for murder.   Before Judge Henry.   Chattooga
superior court.   January term, 1898.

    Copeland & Jackson, for plaintiff in error.   J. M. Terrell,
attorney-general, and Moses Wright, solicitor-general, contra.