## CULVER *v.* THE STATE.

1. Upon the trial of one charged with receiving stolen goods from another, knowing them to have been stolen, the character of the defendant, if put in issue by him, is entitled to be considered with all the evidence as tending to cast light upon his guilt or innocence. In this case there is no material dispute as to facts, but the question is one of inference to be drawn from undisputed facts. Accordingly, a charge restricting the application of the effect of good character to the question as to whether "the evidence is all false or the witnesses mistaken," is erroneous, because it fails to charge upon the real issue.

2. In this case it does not appear that any harm was done the defendant by the omission of the court to give in charge to the jury the law relating to the prisoner's statement: and there being no request to charge upon that subject, the omission is not sufficient cause for the grant of a new trial.

3. A new trial being ordered for the reason stated in the first headnote, the general ground that the verdict is without evidence to support it will not be considered.

Submitted January 15,—Decided February 15, 1906.

Accusation of receiving stolen goods. Before Judge Little. City Court of Sparta. December 11, 1905.

The evidence shows, that Culver, the accused, went to the livery-

stable of Harrison, during Harrison's absence, to buy a set of harness. He proposed at first to buy the harness from Pinkston, a servant of Harrison, and offered him $6 for it. Pinkston telephoned to Harrison, reporting the offer and asking for directions. He was advised by Harrison to sell for $12.50, but nothing less. The accused declined to pay that price, and again offered Pinkston $6. Pinkston then told him that he had no authority to sell at less than $12.50, and that the accused would have to see Harrison himself, if he wanted the harness at a less price. Soon after this, Harrison came to the stable, but the accused said nothing to him about the harness. Later during the day, and while Pinkston and Harrison were absent, the accused made an offer of $5 for the harness to another servant of Harrison,—Dave Hawkins, who had been present during the conversation between the accused and Pinkston. Hawkins accepted the offer and delivered the harness to the accused, who paid him $2 and promised to pay the remaining $3 at a later date. The accused then took the harness from the stable, in the daytime, in a bag, carried it some distance along the street, harnessed his mule with it, and drove some distance in the country. Hawkins did not have authority to sell the harness, nor did he report the alleged sale to Harrison, or account to him for the money, but concealed the fact from him, and several days afterward denied any knowledge of its whereabouts. Some days after the harness had been missed, Harrison found it in the possession of the accused, who told him he had bought it from Hawkins on the terms already stated. Hawkins was convicted under an accusation charging him with larceny of the harness.

On the trial of Culver, the judge charged the jury: "Whatever may be the testimony and however it may appear to you, if the character of the accused has been shown to you to be so good as to create a doubt in your minds and lead you to believe, in view of the improbability that a man of his character would be guilty of the offense charged, that the other evidence in the case is all false, or the witnesses mistaken, it would be your duty in this case to acquit the defendant. If you do not believe that he has been shown to be of such character that it would be improbable or impossible for him to commit that offense, and if you do not believe that the other testimony in the case is false, or that the witnesses are mistaken, and believe that the evidence is sufficient to convict under the rules I

have given you, why then the rule I have just laid down does not apply." This charge is complained of in the motion for a new trial. It is also complained that the court failed to give in charge the law as contained in the Penal Code, § 1010, as to the statement of the accused.

*R. H. Lewis,* for plaintiff in error.

*R. W. Moore, solicitor,* contra.

ATKINSON, J. 1. This case turns upon the question of intent. Between the witnesses and the statement of the accused there is hardly a dispute. The evidence touching the bona fides of the defendant in purchasing from Hawkins is susceptible of two constructions, one in favor of innocence, and the other of guilt. In passing upon this question the good character of the accused is manifestly material. The charge complained of deals with the subject in such way as to avoid the application of the rule to the vital question at issue. The jury is instructed, in effect, that if they believe the character of the accused is sufficiently good to justify them in the belief "that the other evidence in the case is all false, or the witnesses mistaken," it will be their duty to acquit. That charge misses the issue. The question is not whether the other evidence is false or the witnesses mistaken, but how should the evidence which is introduced be construed, and what conclusion should the jury draw from those facts. The charge of the court should have dealt with this question, and the jury should have been instructed that it was their duty, in connection with the other evidence in the case, to take into consideration all of the evidence bearing upon the defendant's character, with a view of construing his conduct and ascertaining whether or not, under the facts as proved, his motives were honest, and whether or not he acted in good faith in making the purchase from Hawkins; and, if they thought his character sufficiently good, that they could deal with it as a substantive fact, capable either of raising a reasonable doubt as to his guilt or establishing his innocence, and that his acquittal should result from either of those conclusions. This being a close case, and inasmuch as the court restricted the jury in the manner above specified, a new trial should have been granted.

2. The ruling expressed by the second headnote rests upon the theory that no harm was done to the defendant by the failure of the

court to give in charge to the jury the law touching the prisoner's statement. If the omission was harmful, it is well settled that the court should have charged upon that subject, without any written request so to do; if it was not harmful, it is also well settled that, in the absence of a request, the omission to charge would not be good cause for the grant of a new trial. *Doster* v. *State, 93 Ga.* 43; *Barfield* v. *State, 105 Ga.* 491, and cit. So it remains only to be determined whether or not the omission of the court complained of was harmful to the defendant. This question is settled in the negative by the language of the statement. By its own terms, the statement is not in material conflict with any evidence offered against the accused, but, on the contrary, in so far as it goes, is almost identical with the facts testified against him, and does not explain anything pointing to his guilt. It follows, therefore, that the court did not err in refusing to grant a new trial upon that ground.

*Judgment reversed. All the Justices concur.*