## 199.  FIELDS *v.* THE STATE.

1. In the charge of assault with intent to rape, the credit to be attached to the testimony of the injured female is a matter wholly for the jury. If such witness is credible to the jury, corroboration of her testimony is unnecessary.

2. It is not error, in a case of assault with intent to rape, to refuse to charge that the accused should not be convicted upon the testimony of the woman alone, unless she made some outcry or told of the injury promptly, or her clothing was torn or disarranged, or her person showed signs of violence, or there were other circumstances which tend to corroborate her story. The particular circumstances which may tend to corroborate a witness, and the number of such circumstances necessary to produce that result, are wholly matters for the jury; and the jury may believe the witness without corroboration.

3. On the trial of an indictment for assault with intent to rape, where the evidence is such that the jury may be authorized to find that the assault was committed by the accused with the intention of gaining the woman's consent to have sexual intercourse with him, without any intent to overpower her will and commit the crime of rape, it is error to refuse to give in charge the law of assault, or assault and battery, as the indictment may authorize.

4. In charging upon the prisoner's statement, a trial judge can employ no better language than that embodied in the Penal Code, § 1010. Omission to instruct the jury that they may believe the defendant's statement in preference to the sworn testimony is reversible error.

Indictment for assault with intent to rape, from Muscogee superior court—Judge Little.  January 21, 1907.

Argued February 18,—Decided May 24, 1907.

*Carson & McCutchen,* for plaintiff in error.

*S. P. Gilbert, solicitor-general,* contra.

RUSSELL, J.  The defendant was convicted of assault with intent to rape.  His motion for a new trial was overruled, and he assigns error on the judgment refusing a new trial.  The plaintiff in error relies upon three assignments of error, all predicated upon the charge of the court.

He insists that the court erred in refusing a written request to, charge the jury as follows: (*a*) "I charge you, gentlemen of the: jury, that in a case where rape, or assault with intent to commit. rape, is the charge against the defendant, that he shall not be convicted upon the testimony of the woman alone, unless there are some concurrent circumstances which tend to corroborate her evidence. In this respect the offense of rape seems to be an exceptional one, and the accused should not be convicted upon the testimony of the woman alone, however positive it may be, unless she made some outcry, or told of the injury promptly, or her clothing: was torn or disarranged, or her person showed signs of violence, or there were other circumstances which tend to corroborate her story." (*b*) "In rape cases the testimony of the party alleged to have been raped should always be scrutinized with care." In: our opinion the court properly refused to instruct the jury as requested. The request seems to be almost a literal quotation of some of the language used in the opinion of the majority of the court in the case of *Davis* v. *State*, 120 *Ga.* 435, 48 S. E. 180;, and, while it is a statement of the considerations which controlled the judgment of the majority of the Supreme Court, "there are many things said by this court, both in headnotes and opinions, that are sound law, but which nevertheless would be improper instructions to a jury." *Savannah Ry. Co.* v. *Evans*, 115 *Ga.* 318, 41 S. E. 631, 90 Am. St. Rep. 116 (2). This must naturally be true, for the reviewing court can analyze and discuss the evidence in a case with a freedom absolutely forbidden trial judges by Civil Code, §4334; nor does it follow that the charge requested, even if it should be proper in a case of rape, was appropriate to a case like this, of assault with intent to rape.

The decision of the majority of the court in *Davis* v. *State* does. not accord with our individual views, and seems to us to be an invasion of the constitutional prerogatives of the jury. We shall. be bound by it, in view of the legal requirement to that effect, as. applicable to cases of rape; but we shall not extend the principle: therein embodied to cases of assault with intent to rape. The dicta of Judge Hale, upon which the decision in the *Davis* case rests, refer only to cases of rape, and the reasoning is based upon the necessity for protection of the defendant from that speedy and uncontrollable indignation aroused by as heinous a charge as that of:

rape. This is recognized in the *Davis* case. Rape, unless the accused be recommended to mercy, is a capital felony, and the dicta of Lord Hale seem to recognize the ghastly fact that there can come no remedy to the defendant after he has paid, with his life, the penalty for perjury on the part of the prosecutrix. On the other hand, the penalty for assault with intent to rape can not at most exceed 20 years imprisonment in the penitentiary, and if, by any chance, the truth should develop that the accused was the innocent victim of a feigned charge and false accusation, some reparation, however late, could be afforded the defendant unjustly accused. We would be bound by the decision of the Supreme Court, if this court had jurisdiction to correct errors on convictions for rape; but we do not apprehend that the decision in *Davis* v. *State* was intended to apply to cases of assault with intent to rape, but rather that the ruling in that case, as drawn from the language of the decision, was based upon the exigencies arising from the gravity of the charge and the enormity of the penalty. We are the more impressed with this view by the fact that at the time Lord Hale wrote, assault with intent to rape was a mere misdemeanor, as, indeed, it was in our own State until 1817; and from 1817 to 1833 it was only punished by imprisonment from one to five years. The amount of corroboration, if any, required to support the testimony of a witness in a case of assault with intent to rape is a question, not for the court, but for the jury; and for the judge to instruct the jury that the accused should not be convicted, no matter how positive the testimony of the woman may be, unless she made some outcry or told of the injury promptly, or unless her clothing was torn or disarranged, would be for the judge, and not the jury, to measure the credibility of such witness.

In our opinion the testimony of the prosecutrix in a prosecution for the offense of assault with intent to rape needs no corroboration. Her testimony alone is sufficient to authorize conviction, if it is credible to the jury. The Penal Code, §991, declares that the testimony of a single witness is generally sufficient to establish a fact. The only exceptions to this rule enumerated in our Penal Code "are made in specified cases, such as to convict of treason or perjury, and in any case of felony where the only witness is an accomplice; in these cases (except in treason) corroborating circumstances may dispense with another witness."

It is clear, therefore, as the crime charged in this case is neither treason nor perjury, the only way the offense could be brought within the exception provided in section 991, supra, is by holding that the female assaulted is an accomplice; and the mere statement of that proposition is sufficient to expose its fallacy, for, to say that the female assaulted considered, consented, and willingly participated, as an accomplice must do in the commission of the offense, is to destroy the charge and acquit the accused. Assault with intent to rape is an assault made with intent to have carnal knowledge, not only forcibly, but against her will; and if the female is to be deemed an accomplice, and therefore required to be corroborated, she must produce an eye-witness. From the nature of the case this is generally impossible. The protection of female virtue is far too priceless to be thus jeopardized.

The learned trial judge was right in refusing the request, not only for the foregoing reasons, but especially upon the ground that the request, as a whole, was not a correct statement of the law applicable to the case. "If a request to charge be not all proper, the court need not give any part of it in charge." *City of Atlanta* v. *Buchanan,* 76 *Ga.* 585. And, furthermore, the request was argumentative. Regardless of these two latter defects, and even if the request had been properly framed, the court did not err in refusing to instruct the jury as requested. In the earliest decision of our Supreme Court upon this subject (*Camp* v. *State,* 3 *Ga.* 421) the court laid down the rule as to the testimony of the injured female in cases of assault with intent to rape, and it is controlling until expressly reviewed and overruled. The learned trial judge presented the principle therein affirmed (and which we now follow) with unequalled clearness and impartiality. In the *Camp* case, above referred to, Judge Nisbet, delivering the opinion, after quoting from Blackstone and his reference to Lord Hale, says: "The degree of evidence which in this case ought to satisfy the jury of the defendant's guilt depends upon the circumstances of each case, and can not be reduced to specific rule. 3 Chitty, Criminal Law, 572." The trial judge left the credibility of the little girl in this case to the jury, and we do not see, under the ruling in the *Camp* case, how he could have done otherwise. When Lord Hale wrote: "If the witness be of good fame, if she presently discovered the offense," etc., "these and the like con-

curring circumstances give greater probability to her evidence"—
it was simply an illustration of the practical effect of the rule he
had previously stated, and which, in different language, was
charged by the judge in this case. It was no more applicable to
be given in a charge to a jury than his oft-quoted reminiscent
reasoning: "Rape is an accusation easy to be made, hard to be
proved, and harder to be defended by the party accused, though
never so innocent." But antecedent to the illustration and the
reasoning is the rule: "The party ravished may give evidence
upon oath, and is in law a competent witness; but the credibility
of her testimony, and how far forth she is to be believed, must be
left to the jury, and is more or less credible according to the cir-
cumstances of fact that concur in that testimony." The request
to charge embodied words of caution to be applied in measuring
the admissibility of the evidence, which is a function of the court.
It sought to apply them to the weight of the testimony, the deter-
mination of which is a question for the jury.

It is alleged that the court erred in failing to charge upon the
subject of assault and assault and battery. It is well settled that
where a charge of graver character includes minor offenses, if the
evidence will justify or require a verdict finding the defendant
guilty thereof, it is the duty of the judge to instruct the jury as
to the principles of law applicable to the lesser offense, and that
the defendant may be convicted thereof if in the opinion of the
jury he be guilty of such lesser grade of the same generic offense.
This general rule is to be qualified to the extent that the lesser
offense must either necessarily be included in the greater by a
charge in the indictment, or, if it may or may not be, then the
averments of the indictment describing the manner in which the
greater offense was committed must contain allegations essential
to describe the lesser offense. The whole subject is discussed in
*Watson* v. *State,* 116 *Ga.* 607, 43 S. E. 32, and the cases of *Wilson*
v. *State,* 53 *Ga.* 205, *Hopper* v. *State,* 54 *Ga.* 389, *Bard* v. *State,*
55 *Ga.* 319, *Trowbridge* v. *State,* 74 *Ga.* 431, *Malone* v. *State,* 77
*Ga.* 767, *Jenkins* v. *State,* 92 *Ga.* 470, 17 S. E. 693, and *Bell* v.
*State,* 103 *Ga.* 401, 30 S. E. 294, 68 Am. St. Rep. 102, are there
cited as authority. The jury should in all cases be instructed
that the defendant may be convicted of the lesser offense, where
the evidence submitted, under any view thereof, will authorize

conviction of the lesser grade. *Sutton* v. *State,* 123 *Ga.* 125, 51 S. E. 316. Otherwise, though the jury may have doubts as to whether the defendant may be guilty of the graver or of the lesser charge, if satisfied that the defendant is guilty of one or the other, they will be misled into the opinion that conviction can only be had in the particular case for the greater offense, and thereby injustice will result to the defendant. Inasmuch as the indictment in this case not only alleged an assault, but the evidence might have authorized an inference that the defendant intended to cajole or persuade the female into consent to yield to his desires, and thus to effect intercourse without force, the jury should have been instructed that if they found, from the evidence, that it was not the intention of the defendant to have carnal knowledge of the female forcibly and against her will, but that the intention of the defendant was to arouse the passions of the female or otherwise induce her consent, and that, if the circumstances were such as to lead them to believe that the defendant would have desisted short of force and violence, then the defendant might be convicted of the offense of an assault. We can not tell what was the opinion of the jury upon this subject; but the omission of a charge upon the subject of assault excluded from them the consideration of defendant's intention as a whole, and forced them to the conclusion that the assault made by defendant was made with no other intention than to rape. The evidence seems to us to strongly sustain this conclusion, and no doubt the learned trial judge entertained the same view; but in view of the publicity of the place where the assault was alleged to have been made, and the fact that it was at the home of the female, where the defendant was not an intruder, but a frequent visitor, the jury might have taken an entirely different view, if they had been told that they could consider another aspect of the question and might find the defendant guilty of assault, instead of being instructed, as they were, that they should find him guilty of assault with intent to rape, or acquit him.

We think, too, that the court erred in the instructions given the jury with reference to the defendant's statement. The jury should have been instructed, especially in this case, that they had the right to believe the statement of the prisoner in preference to the sworn testimony, if they chose so to do. In this particular

case the omission was harmful, for the reason that the statement of the defendant and the evidence of the little girl (totally antagonistic to each other) were the only evidence in regard to the commission of the crime. The statement of the defendant was in material conflict with the evidence offered against his plea, and for that reason it was the duty of the court, without request, to instruct the jury fully upon that subject. The court did give a very full charge with reference to the defendant's statement, but omitted to tell the jury, what they should always be informed, that they had the right to prefer the statement, if they chose, to the sworn testimony. It is possible (considering the very able charge of the learned trial judge upon this subject as a whole) that the jury may have understood that they had the right to believe the statement if they saw proper; but in our opinion this does not dispense with the necessity of their being unequivocally so instructed. Decisions of our Supreme Court upon the defendant's statement are almost without number; but, after all, the proper course is pointed out in the case of *Ozburn* v. *State*, 87 *Ga.* 185, 13 S. E. 247, in the following language: "In this connection we will state that it would be a much wiser and safer practice for our brethren of the circuit bench, in charging concerning statements made by defendants, to confine themselves to the language of the statute upon this subject, and not to indulge in extended comments upon the effect to be given such statements. This course on their part will relieve them and this court of much embarrassment and difficulty arising from a contrary practice."

*Judgment reversed.*