### 1725. SMALLS, *alias* WASHINGTON, *v.* THE STATE.

1. Language which would be appropriate in a headnote or in an opinion by a reviewing court may be improper when embodied in a charge to a jury; and the complaint that there has been an intimation of opinion to the jury by the trial court, as to the comparative weight to be attached to the evidence, is sustained, where the judge instructs them, as matter of law, that certain circumstances, submitted for the consideration of the jury alone, are to be considered by them as of superior evidentiary weight to others likewise submitted for their consideration. Admissibility of testimony is for the court; its weight and comparative value for the jury.
2. On the trial of an indictment for rape, in which an assault is expressly charged, but where a conviction of assault with intent to rape only is being asked by the State, and where there is evidence that the assault in question may have been made with another object than that of forcible sexual intercourse without the consent of the female, it is error to fail to instruct the jury that the defendant may be convicted of assault.

Indictment for rape, from Chatham superior court—Judge Charlton. January 18, 1909.

Submitted March 30,—Decided July 31, 1909.

*E. H. Abrahams, D. S. Atkinson,* for plaintiff in error.

*W. C. Hartridge, solicitor-general,* contra.

RUSSELL, J. 1. The defendant was indicted for rape and convicted of assault with intent to rape. He excepts to the overruling of his motion for a new trial. The judge instructed the jury: "From the peculiar character of rape and assault with intent to rape, care is to be used in regard to them. The injured

female is usually a competent witness in such cases, but the degree of credit to be given to her evidence depends more or less upon the concurrence of the circumstances of the fact with her testimony.  For instance, if she be of good fame, if she presently discovered the offense, made pursuit after the offender, showed circumstances and signs of the injury; if the place where the act was done was remote from people, inhabitants, or passengers, or if the offender fled; these and the like are concurring evidence to give greater probability to her testimony when proved by others as well as by herself.  But if she concealed the injury for any length of time after she had an opportunity to complain; if the place where the act was supposed to have been committed was near to inhabitants or common recourse of passage for passengers, and she made no outcry when the fact was supposed to have been done, when and where it is probable she might have been heard by others; these and the like circumstances carry a strong presumption that her testimony is false and feigned." Exception is taken to this instruction, and it is assigned that it is erroneous in that it expresses an opinion upon the evidence, expresses an opinion upon the credibility of the prosecuting witness, and intimates that under certain conditions greater credit is to be given the testimony of the prosecuting witness.  The complaint is also made that in this charge the court intimated an opinion that an offense had been committed; and that the entire charge is argumentative. The insistence of the State's counsel is that a charge substantially identical was approved by the Supreme Court in the case of *Ryals* v. *State,* 125 *Ga.* 266 (54 S. E. 168).  The decision in the *Ryals* case does not sustain the State's contention in the case at bar.  The charge in the *Ryals* case, as appears from the second headnote, specifically refers the circumstances of fact to the jury for determination.  The charge there excepted to was as follows: "The woman alleged to have been injured is a competent witness, but the degree of credit given her testimony, her evidence, depends more or less upon the concurrence of the circumstances of the fact with her testimony.  You may look to the evidence to see whether she concealed the injury for any considerable length of time after she had an opportunity to complain; did she or not make pursuit of the offender; was the place of the act said to have been done remote from neighbors or passengers, or was it

near a neighbor, or common recourse of passengers; did she make any outcry or did she not, or did she make no outcry where the act was done when and where it is possible she might have been heard by others? These and all other circumstances in the case *may be taken into consideration by the jury* in determining what weight they will give her testimony." And following this the judge told the jury, "Whether she has or has not been corroborated, either by circumstances or other testimony, . . is a question for the jury." In the present case the charge of the judge stated to the jury as a matter of law that early complaint and other circumstances should give greater probative value to the testimony of a witness. To say the least of it, the charge is argumentative, for the reason stated in *Fields* v. *State,* 2 *Ga. App.* 41 (58 S. E. 327). The requirements of section 1032 of the Penal Code are so mandatory that it is no answer to the error to say that the identical language of the instruction was taken from the decision in *Smith* v. *State,* 77 *Ga.* 706. As said by Justice Cobb in *Savannah Ry. Co.* v. *Evans,* 115 *Ga.* 318 (41 S. E. 632, 90 Am. St. R. 116), "This position is not sound. There are many things said by this court both in headnotes and in opinions that are sound law but which nevertheless would be improper instructions to the jury. This court . . may use language which would be proper in a headnote or in an opinion, but which would be grossly improper when embodied in a charge to the jury." See also *Merritt* v. *State,* 107 *Ga.* 676 (34 S. E. 361); *Fla. C. & P. R. Co.* v. *Lucas,* 110 *Ga.* 127, 128 (35 S. E. 283); *Eagle & Phenix Mfg. Co.* v. *Browne,* 58 *Ga.* 240; *Hudson* v. *Hudson,* 90 *Ga.* 581, 586 (16 S. E. 349); *Central R. Co.* v. *Thompson,* 76 *Ga.* 772.

We know that it was not the intention of the learned trial judge to express or even intimate an opinion upon the evidence in the present case, but it is not within the province of the court to say under what circumstances the testimony of a witness is necessarily entitled to greater credit. The credibility of the witnesses, regardless of the circumstances, is for the jury. All the judge can properly do is to call the attention of the jury to the circumstances which *may be considered by them* in weighing the testimony of any particular witness. What we here rule is not in conflict with the decision in *Jackson* v. *State,* 132 *Ga.* 547 (64 S. E. 653). The language used in the judge's charge in that case is very simi-

lar to that used in this case, but an examination of the original record in the *Jackson* case shows that the exception with which we are now concerned was not there made. The only exception to the charge in the *Jackson* case was that it was argumentative, and that the judge himself seemed to prefer the testimony of the prosecutrix. That point is presented among others in the instant case, but exception is also taken in this case on the ground that the judge prescribed a mandatory rule to the jury by which they were required to give greater weight to testimony under certain circumstances, and less weight under other circumstances. The admissibility of testimony is for the court, its weight for the jury, and it does not lie within the power of the judge, even though his charge be not argumentative, and even though he intimate no opinion as to what has or has not been proved, to declare that the jury shall or shall not give preference to any particular class of testimony. The jury may be *authorized* to give greater weight to particular testimony under certain circumstances, but no rule of law *requires* them to do so.

2. We think also that it was error for the court to fail to charge that the defendant might be convicted of an assault. The indictment charged that an assault had been committed, and it was not only within the province of the jury, but indeed their duty to determine the intent with which the alleged assault, if made at all, was made; and as, in one view of the evidence, the jury would have been authorized to find that the defendant was merely guilty of an assault, the failure to instruct the jury that it was within their power to find such a verdict unduly restricted the jury and required them either to find the defendant guilty of an assault with intent to rape or to acquit him. According to the evidence, there was no sign of injury of the female's private parts, nor is there any testimony that an attempt was made to enter the same. As is argued by counsel for the plaintiff in error, even if the defendant intended to indulge his passion by indecent assault, yet if he had no intention of having sexual intercourse with the female in question, there could be no assault with intent to rape. Nor would the defendant be guilty of assault with intent to rape if he intended to gain the female's consent to intercourse. Rape is the carnal knowledge of a female forcibly and against her will. To indulge the excitement of animal passion in any other man-

ner than with sexual intercourse, no matter how indecent, loathsome, or immoral the act may be, would in no view of the case constitute rape, and an attempt in that direction would not be assault with intent to rape. See People v. Hicks, 98 Mich. 86 (56 N. W. 1102). The defendant in the present case was indicted for rape. At the beginning of the trial the solicitor-general stated that he would insist only upon a verdict of guilty of assault with intent to rape. An assault is not only charged in the original indictment, but is necessarily included in the offense for which the defendant was being prosecuted by the State, and "it is well settled that where a charge of graver character includes minor offenses, if the evidence will justify or require a verdict finding the defendant guilty thereof, it is the duty of the judge to instruct the jury as to the principles of law applicable to the lesser offense." Fields v. State, 2 Ga. App. 45 (58 S. E. 327) ; Sutton v. State, 123 Ga.. 125 (51 S. E. 316).　　　　　Judgment reversed.