## 9724. BRYANT *v.* THE STATE.

1. In a criminal case in which the defendant has made a statement at the trial, the court should charge the rule of law touching the defendant's statement; and failure to do this is reversible error, even in the absence of a request, unless it appears from the facts in the case that no harm resulted to the defendant. In this case it does not so appear.
2. The foregoing ruling being controlling in this case, it is unnecessary to pass upon the assignments of error on the overruling of the defendant's motion for a continuance, upon remarks of counsel in opening the case, and upon the admission of certain testimony. It is not proba-

ble that any error that may have been committed therein will recur upon another trial.

3. Since a new trial is granted, the sufficiency of the evidence to support the verdict is not passed upon.

DECIDED NOVEMBER 7, 1918.

Indictment for seduction; from Gordon superior court—Judge Tarver. April 10, 1918.

*Maddox, McCamy & Shumate,* for plaintiff in error.

*J. M. Lang,* solicitor-general, contra.

HARWELL, J. This was a trial for seduction, and the only witness (except a witness for the State, an officer, in reference to the arrest of the defendant) was the prosecutrix. The defendant introduced no witnesses, but made a short statement, denying that he had promised to marry the prosecutrix. In the motion for a new trial it is complained that the court omitted to instruct the jury on the law touching the defendant's statement at the trial. This case is very much like that of *Fields* v. *State,* 2 *Ga. App.* 41, 47 (58 S. E. 327), where this court said: "In this particular case the omission [to charge with reference to the defendant's statement] was harmful, for the reason that the statement of the defendant and the evidence of the little girl (totally antagonistic to each other) were the only evidence in regard to the commission of the crime. The statement of the defendant was in material conflict with the evidence offered against his plea, and for that reason it was the duty of the court, without request, to instruct the jury fully upon that subject." In the instant case we can not say that the omission to charge with reference to the defendant's statement was not harmful, and must hold that the failure to do so was reversible error. *Rivers* v. *State,* 8 *Ga. App.* 694 (70 S. E. 47); *Burns* v. *State,* 89 *Ga,* 527 (15 S. E. 748); *Doster* v. *State,* 93 *Ga.* 43 (18 S. E. 997); *Culver* v. *State,* 124 *Ga.* 822 (2), 824 (53 S. E. 316).

We have not overlooked the qualifying note of the trial judge, and the testimony taken upon the hearing of the motion for a new trial. It does not appear from this testimony, however, that counsel representing this defendant knew of the omission of the court to charge with reference to the defendant's statement until *after the verdict had been returned by the jury,* when he made inquiry of the court stenographer. Nothing appears in this testimony to cure the error.

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*