## 27569. KNOPP v. THE STATE.

DECIDED MAY 25, 1939.

*Willis Smith,* for plaintiff in error.

*Robert D. Tisinger, solicitor,* contra.

BROYLES, C. J. The accused was convicted of the offense of possessing whisky. On the trial he made a statement which contradicted the testimony of the witnesses for the prosecution. The only instruction given to the jury on the statement was as follows: "The defendant· in this case has made to you a statement. He says he is not guilty. He says there was a joint occupancy of this house. You will consider that question; that is, as to whether or not there was joint occupancy. If there was joint occupancy of the house, the presumption that this particular defendant owned and controlled and possessed this liquor would be rebutted. In other words, there would be no presumption whatever, if there was joint occupancy." The defendant in his statement said that the house where the liquor was found belonged to his wife, denied that he rented the premises, and declared: "I had no property or nothing there, and there was no liquor there, not that I know of anywhere. There was nothing like that around there at all." The latter part of the statement was in direct conflict with the testimony of the State's witnesses, and the jury had the right to believe it in preference to such testimony; and the court erred, even in the absence of a request, in failing so to instruct the jury. "In a criminal case, where the accused has exercised his statutory right to make a statement and the statement is contradictory of the testimony of the State's witness, it is the duty of the trial judge, even in the absence of written request, to instruct the jury that they have the right to believe the statement in preference to the sworn testimony. *Burns* v. *State,* 89 *Ga.* 528 (4) (15 S. E. 748); *Doster* v. *State,* 93 *Ga.* 43 (4) (18 S. E. 997); *Fields* v. *State,* 2 *Ga. App.* 41 (4), 46 (58 S. E. 327)." *Rivers* v. *State,* 8 *Ga. App.* 694 (70 S. E. 47); *Roberts* v. *State,* 49 *Ga. App.* 139 (174 S. E. 358). However, on this question counsel for the defendant in error has cited *Bryant* v. *State,* 23 *Ga. App.* 3 (97 S. E. 271); *Wheeless* v. *State,* 92 *Ga.* 19 (18 S. E. 303), *Bray* v. *State,* 69 *Ga.* 765, and *Seyden* v. *State,* 78 *Ga.* 105 (3). In the *Bryant* case this court reversed the judgment on the sole ground that the court erred in failing to charge on the defendant's statement, although no re-

quest for such charge had been made. In the *Wheeless* case, it appears from the statement in headnote 2 that the plaintiff in error, while complaining of the court's charge on the defendant's statement, failed to set out that portion of the charge "in the motion for a new trial or in the bill of exceptions;" and therefore of course, as stated in said headnote, the charge could not be reviewed by the Supreme Court. It follows that the further holding in that case, that the failure of the court to charge the jury that they could believe the statement in preference to the sworn testimony was evidently an "oversight," and that it was the duty of counsel for the defendant to have promptly informed the court of such oversight, is obiter dictum. In the *Bray* case (a short headnote case), headnote 2 reads as follows: "Where counsel for defendant in a criminal case made various requests to charge, which were given, but no request was made as to the prisoner's statement, it will not require a new trial that the court omitted to allude to the statement in his charge. (a) Especially so where the statement contained no explanation of anything pointing to his guilt, and was merely an amplification of the plea of not guilty." The *Bray* case is distinguished from the instant case by reason of the fact that in this case counsel for the accused had not "made various requests to charge," and by the further and more important fact that here the statement of the defendant was in direct conflict with material portions of the testimony of the State's witnesses, and, if believed by the jury, would have secured his acquittal. In the *Seyden* case headnote 3 reads as follows: "The omission to charge as to the force and effect to be given to the defendant's statement *did not hurt him* [italics ours], and will not require a reversal, it not appearing that the attention of the court was called thereto, or that any request for him to charge thereon was made." In the instant case it clearly appears that the failure to charge that the jury had the right to believe the defendant's statement in preference to the sworn testimony did grievously "hurt" him.

In *Barfield* v. *State*, 105 *Ga.* 491 (30 S. E. 743), the court held: "Failure by the judge on the trial of a criminal case to allude in his charge to the statement of the accused will not require the granting of a new trial, when there was no request to charge upon this subject *and the omission to do so resulted in no injury to the accused.* [Italics ours.] *Brassell* v. *State,* 64 *Ga.* 318; *Gray* v.

*State,* 69 *Ga.* 765; *Seyden* v. *State,* 78 *Ga.* 106; *Underwood* v. *State,* 88 *Ga.* 51 (13 S. E. 856). The case of *Doster* v. *State,* 93 *Ga.* 43 (18 S. E. 997), is in some respects not precisely applicable to the present case, but the opinion therein (pp. 44, 45) recognizes the correctness of what is above laid down." In our opinion the seeming conflict on this question between the various decisions of the appellate courts can be reconciled by construing the rulings as holding that where the defendant in a criminal case made a statement to the jury, and the court failed to instruct the jury that they had the right to believe the statement in preference to the sworn testimony, and no timely written request for such a charge was made, and where it was apparent that the *failure to so charge was not harmful to the defendant,* such failure was not cause for a new trial; but a new trial should be granted where it did appear that the failure to so charge was harmful to the defendant. And the Supreme Court has so construed the decisions. In *Culver* v. *State,* 124 *Ga.* 822 (53 S. E. 316), headnote 2 reads as follows: "In this case it does not appear that any harm was done the defendant by the omission of the court to give in charge to the jury the law relating to the prisoner's statement; and there being no request to charge upon that subject, the omission is not sufficient cause for the grant of a new trial." And in the opinion in that case (pp. 824, 825), the court said: "The ruling expressed in the second headnote rests upon the theory *that no harm was done to the defendant* by the failure of the court to give in charge to the jury the law touching the prisoner's statement. *If the omission was harmful, it is well settled that the court should have charged upon that subject, without any written request so to do* [italics ours]; if it was not harmful, it is also well settled that, in the absence of a request, the omission to charge would not be good cause for the grant of a new trial." Citing *Doster* v. *State* and *Barfield* v. *State,* supra. Of course this ruling is applicable to the instant case, where the court referred to the defendant's statement but failed to charge that the jury had the right to believe the statement in preference to the sworn testimony in the case. As hereinbefore stated, such failure in this case was prejudicial to the defendant and requires the grant of a new trial.

The other alleged errors are not likely to recur on another trial, and are not now passed on. The refusal to grant a new trial was error. *Judgment reversed. MacIntyre and Guerry, JJ., concur.*