29229. GODFREY *v.* THE STATE.

DECIDED JANUARY 22, 1942.

James R. Venable, B. J. Dantone, Frank A. Bowers, for plaintiff in error.

*John A. Boykin, solicitor-general, Durwood T. Pye, J. R. Parham,* contra.

BROYLES, C. J. 1. In a criminal case, where the accused made a statement to the jury, and the court in charging the jury on the statement omitted to instruct them that they had the right to believe the statement in preference to the sworn testimony in the case, such omission requires the grant of a new trial, where it is apparent that the omission was prejudicial to the defendant; and this is true although no timely written request for such a charge was made. *Burns* v. *State,* 89 *Ga.* 528 (4) (15 S. E. 748); *Doster* v. *State,* 93 *Ga.* 43 (4) (18 S. E. 997); *Fields* v. *State,* 2 *Ga. App.* 41 (4), 46 (58 S. E. 327); *Rivers* v. *State,* 8 *Ga. App.* 694 (70 S. E. 47); *Roberts* v. *State,* 49 *Ga. App.* 139 (174 S. E. 358); *Knopp* v. *State,* 60 *Ga. App.* 138 (3 S. E. 2d, 140).

2. Applying the above-stated ruling to the facts of the instant case, the failure of the court to instruct the jury that they had the right to believe the statement of the defendant in preference to the sworn testimony in the case was reversible error. The case of *Wheeless* v. *State,* 92 *Ga.* 19 (18 S. E. 303), referred to in the order of the court overruling the motion for new trial, is differentiated by its facts from the above-cited cases. In the *Knopp* case, supra, this court said: "In the *Wheeless* case, it appears from the statement in headnote 2 that the plaintiff in error, while complaining of the court's charge on the defendant's statement, failed to set out that portion of the charge 'in the motion for a new trial or in the bill of exceptions;' and therefore of course, as stated in said headnote, the charge could not be reviewed by the Supreme Court. It follows that the further holding in that case, that the failure of the court to charge the jury that they could believe the statement in preference to the sworn testimony was evidently an 'oversight,' and that it was the duty of counsel for the defendant to have promptly informed the court of such oversight, is obiter dictum." In the instant case the portions of the charge referring to the defendant's statement were set out in a special ground of the motion for new trial.

3. The other assignments of error are without merit; and the general grounds of the motion for new trial are not now considered.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*