## 45143. WILLIAMS v. THE STATE.

PANNELL, Judge. The defendant was indicted, tried, and convicted of assault with intent to murder. His motion for new

trial on the general and special grounds was overruled and he appealed to this court. The evidence of the State showed that the victim had asked the defendant to stop bothering a young lady; that both the victim and the defendant had been drinking and the defendant was heavily intoxicated. The defendant went home, got a gun, returned to the scene, and commenced firing a number of shots, two of which struck the victim. The defendant presented no evidence, but made the following unsworn statement to the jury: "I'm sorry I shot that man because he's a good friend of mine. I was just drinking a good bit. I know that's no excuse. I just didn't know what I was doing and I'm awfully sorry. That's all I've got to say."

The only enumeration of error argued by the appellant is the failure of the court to charge the jury they could believe the unsworn statement of the defendant "in whole or in part or in preference to the sworn testimony in the case." See *Code* § 38-415. *Held:*

1. "In a criminal case, where the accused has exercised his statutory right to make a statement and the statement is contradictory of the testimony of the State's witness, it is the duty of the trial judge, even in the absence of written request, to instruct the jury that they have the right to believe the statement in preference to the sworn testimony. *Burns v. State*, 89 Ga. 528 (15 SE 748); *Doster v. State*, 93 Ga. 43 (4) (18 SE 997); *Fields v. State*, 2 Ga. App. 41 (4), 46 (58 SE 327)." *Rivers v. State*, 8 Ga. App. 694 (70 SE 47).

2. "It is the duty of the presiding judge to instruct the jury substantially in the terms of the statute touching the prisoner's statement, when he makes a statement, and in no case should this be omitted. But where the statement is entirely silent touching one of the transactions covered by the evidence for the State, and the proof as to that transaction is uncontroverted and sufficient to warrant and uphold the conviction, the omission will not require a new trial. If, after giving the prisoner the full benefit of his statement by allowing it to outweigh all the evidence opposing it, or which it opposes, the verdict is correct, it may be left to stand." *Doster v. State*, 93 Ga. 43 (4), supra.

3. Applying the rulings in these cases to the present case where the defendant's statement did not controvert the evidence of the State, we see no cause for reversal. "To be too drunk

to form the intent to kill, the slayer must be too drunk to form the intent to shoot." *Marshall v. State*, 59 Ga. 154.

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.*

SUBMITTED MARCH 3, 1970—DECIDED APRIL 8, 1970— REHEARING DENIED APRIL 22, 1970—

*Craig & Reeves, Gene Reeves, Jr.,* for appellant.
*Reid Merritt, District Attorney,* for appellee.