## JACKSON *v.* THE STATE.

1. The court charged the jury in part as follows: "From the peculiar character of rape and assault with intent to rape, care is to be used in regard to them. The injured female is usually a competent witness in such cases, but the degree of credit to be given to her evidence depends more or less upon the concurrence of the circumstances of the fact with her testimony. For instance, if she be of good fame, if she presently discovered the offense, made pursuit after the offender, showed circumstances and signs of the injury; if the place where the fact was done was remote from the people, inhabitants or passengers, or if the offender

fled,—these and the like are concurring evidences to give greater probability to her testimony, when proved by others as well as herself. But if she concealed the injury for any length of time after she had an opportunity to complain; if the place where the fact was supposed to be done, when and where it is probable that she might be heard by others, these and like circumstances carry a strong presumption that her testimony is false or feigned. Such is the care that the law uses in scrutinizing allegations of the crime of rape." *Held*, that the excerpt from the charge above quoted was not open to the criticism, "that it is argumentative in favor of the prosecutor—the woman alleged to have been raped; that its effect is to lend undue weight to the testimony of prosecutor, and to influence the jury in believing that her testimony was to be believed in preference to the other testimony if it chanced to coincide with the language used in the first portion of said charge."

2. The verdict was authorized by the evidence.

3. The evidence in the case requiring a finding that the defendant was guilty of the offense of rape, if guilty of any offense, it was not error for the court to refuse to submit to the jury the question of whether the defendant was guilty of the offense of assault with intent to commit a rape.

Submitted December 21, 1908.—Decided May 12, 1909.

Indictment for rape. Before Judge Charlton. Chatham superior court. October 24, 1908.

*Shelby Myrick* and *D. S. Atkinson,* for plaintiff in error.

*John C. Hart, attorney-general,* and *W. W. Osborne, solicitor-general,* contra.

BECK, J. William Jackson was indicted for rape, it being alleged that he committed the offense upon the person of Louisa Talley. Upon the trial the jury rendered a verdict of guilty, with a recommendation. The defendant made a motion for a new trial, which was overruled, and to this judgment he excepted.

1. The court in part charged the jury as follows: "From the peculiar character of rape and assault with intent to rape, care is to be used in regard to them. The injured female is usually a competent witness in such cases, but the degree of credit to be given to her evidence depends more or less upon the concurrence of the circumstances of the fact with her testimony. For instance, if she be of good fame, if she presently discovered the offense, made pursuit after the offender, showed circumstances and signs of the injury; if the place where the fact was done was remote from the people, inhabitants or passengers, or if the offender fled,— these and the like are concurring evidences to give greater probability to her testimony, when proved by others as well as herself.

But if she concealed the injury for any length of time after she had an opportunity to complain; if the place where the fact was supposed to be done, when and where it is probable that she might be heard by others, these and like circumstances carry a strong presumption that her testimony is false or feigned. Such is the care that the law uses in scrutinizing allegations of the crime of rape." The charge quoted was excepted to on the ground, "that it is argumentative in favor of the prosecutor—the woman alleged to have been raped; that its effect is to lend undue weight to the testimony of the prosecutor, and to influence the jury in believing that her testimony was to be believed in preference to the other testimony if it chanced to coincide with the language used in the first portion of said charge." We do not think that the portion of the charge above set forth is open to the criticism made upon it. It is certainly not an argument tending to influence the jury to form any conclusion adverse to the defendant independently of the evidence, but was cautionary in its character, impressing upon the minds of the jurors the duty of carefully considering and scrutinizing the facts and circumstances of the case which tended to throw light upon the main issue in the case.

2. The second and third grounds of the amended motion are as follows: "2nd. Because the testimony in said case fails to show that the offense of rape was committed by the defendant beyond a reasonable doubt. 3rd. Because the testimony touching the offense for which the defendant was indicted and found guilty does not constitute or make out the offense of rape as defined by the law of Georgia." It is apparent that the two grounds of the motion set forth immediately above are but restatements, with some variation in form, of the general ground that the verdict is without evidence to support it. An examination of the testimony contained in the record discloses that the woman, upon whose person it is alleged in the indictment the crime was committed, identified the prisoner at the bar as her assailant. Besides her testimony as to the identity of the accused with the person who committed the offense, this witness was corroborated by proved facts and circumstances. The victim of the offense of which the defendant was convicted, after testifying as to the assault upon her, the threats and menaces used by the assailant to intimidate her, after having described the place at which the crime was committed, her efforts

to prevent the consummation of the offense, her outcries after it had been consummated, and her efforts to have the assailant apprehended, and after having repeated with particularity the details of the circumstances of the assault, used the following language: "That man [the accused] followed me, threatened to kill me, and assaulted me. . . I went home crying, and told him [her husband] a man had assaulted me and attempted to kill me. . . It was a bright, moonshiny night, and I tried to catch a glimpse of his face, so I would know him if he didn't kill me. . . The road was muddy. It had been raining and was very muddy, and I was thrown into the water. He dragged me from about where I am sitting to the extent of this room. He carried me to the right of Mr. Schwarz's vegetable garden, and on the other side is broomstraw. It was between ten and eleven o'clock, as near as I can judge. . . He assaulted me. He entered my person. He accomplished his purpose." It is insisted that even if we accept as true the testimony of the prosecutrix, still the offense with which the defendant is charged is not made out beyond a reasonable doubt. The language used by the witness clearly means, and could not mean anything else than that the accused forcibly and against her will had carnal knowledge of her; and under the evidence in the case the jury were authorized so to find.

3. Under the evidence in the case the jury were authorized to find the defendant guilty of the offense of rape. There is nothing in the testimony of the prosecutrix which would have supported a finding that the accused was guilty merely of an assault with intent to commit rape. That being true, the court below did not err in not submitting to the jury the question as to whether or not the defendant was guilty of an assault with intent to commit rape.

*Judgment affirmed. All the Justices concur.*