## ABNEY v. THE STATE.

*Simmons, C. J.*—Under the circumstances disclosed by the record, there was no error in permitting the solicitor-general to ask the witness introduced by him leading questions; nor did the language in the charge of the court of which complaint is made, carefully guarded as it was, amount to an expression or intimation of an opinion upon the evidence or the effect thereof.

The charge as a whole was full and fair and covered all the substantial issues made in the case. The verdict was fully warranted by the evidence.         *Judgment affirmed.*

July 15, 1895.   By two Justices.

Indictment for murder.   Before Judge Janes.   Paulding superior court.   February term, 1895. .

Jack Abney, Wyley Abney and I. P. Davis were indicted for the murder of J. L. Williams.   Jack Abney was found guilty of voluntary manslaughter, and his motion for a new trial was overruled. .

The motion contains the following among other grounds:

Error in intimating an opinion to the jury as to what had been proved, namely, that Jack Abney and Davis went to the house of deceased on the Sabbath, carried a gun and loaded it in the presence of deceased; the court charging: "In arriving at a conclusion as to the intention of these parties and as to what deceased ought to have thought and what he ought to have done, you should consider all the testimony in the case; the acts, the sayings and the whole conduct of defendant Wyley Abney and Davis; the time they came, and the facts that it was the Sabbath and one of them carried a gun and loaded it in his presence, if this was a fact; and all that was said and done, and the manner of each of them.   Now, you consider all these facts.   Now, I do not mean to intimate that these parties carried a gun there.  ·I do not mean to intimate that any of the parties loaded a gun, Jack Abney, Wyley Abney or anybody else, or that they used a knife or anything else.   I do not mean to intimate to you any fact either in this charge, or to express any opinion as to what has not been proved, either in this charge or during the progress of the case; and if it appears to you that I have done so, you can understand that I did not mean to do so.   The determination of the facts of the case are entirely with you.   I do not mean to intimate that they carried a gun there, or that they loaded a gun there, or that they did anything else; that is your

province, your duty to determine all the facts in the case. I simply called your attention to this, that you may consider all the facts, the testimony of all the witnesses and the statement of the defendant, in arriving at what was the intention of these parties and what was their conduct; take all the testimony introduced in the case, together with the statement of the defendant, and weigh it all and make up your verdict from all the testimony and from the law which the court has given you in charge."

Error in stating, in substance, in the hearing of the jury, that counsel for the State had been entrapped by one of the witnesses, John T. Thomason, a witness for the State, whose testimony was favorable to defendant, and in allowing the solicitor-general to cross-examine him, without any evidence whatever to show that the State's counsel had really been entrapped by the witness, "as appears in the evidence of said Thomason incorporated in brief of evidence."

*Bartlett & Washington, W. E. Spinks* and *J. M. Moon,* for plaintiff in error.

*W. T. Roberts, solicitor-general,* contra.