## 2466.    BRUNDAGE *v.* THE STATE.

The errors complained of were immaterial and could not have affected the result.  The evidence authorized the conviction, and there was no error in refusing a new trial.

Accusation of larceny; from city court of Dublin—Judge Griffin presiding.  December 11, 1909.

Submitted March 9,—Decided May 12, 1910.

*Hal B. Wimberly,* for plaintiff in error.

*W. G. Davis, solicitor-general,* contra.

RUSSELL, J.  The defendant was convicted of the offense of simple larceny, and excepts to the judgment overruling his motion for new trial.  In the accusation he was charged with the offense of larceny from the house.  One of the points insisted upon is that the defendant, being accused of larceny from the house, could not properly be convicted of simple larceny; and exception is also taken to the statement of the trial judge, in his charge to the jury, that "larceny from the house is a greater offense than simple larceny, though both are punishable alike, and larceny from the house includes simple larceny."  We find no merit in the contention of the plaintiff in error upon this point.  Nothing is better settled than that (although where the goods alleged to have been stolen are not carried beyond and outside of the house, the defendant may not be guilty of larceny from the house) in any case, if the accused lays his hands upon the property or moves it with intent to steal it, any movement or attempt to move the property would be sufficient asportation.  And as pointed out by Justice Lewis in *Gardner* v. *State,* 105 S. *Ga.* 663 (31 S. E. 577), it was held by the Supreme Court in *Brown* v. *State,* 90 *Ga.* 454 (16 S. E. 254), that under an accusation in which larceny from the house is charged in conformity with the statute, a conviction may be had for simple larceny, the latter offense being included in the former.  In the *Brown* case, supra, the fact was adverted to that the crime for which the defendant was convicted was a lesser offense, but that both were misdemeanors, and the limit of the penalty as to each was the same.

A review of the charge of the trial judge does not sustain that ground of the motion for a new trial in which complaint is made that the charge was contrary to evidence, and was so vague and

indefinite as to tend to confuse the jury. The charge is not as full upon some points as might have been desired by the plaintiff in error, but it is in no sense confusing, and, in the absence of any request for the attention of the jury to be specially directed to particular contentions, is sufficiently full and explicit. The judge, having instructed the jury that if the defendant took the sack of flour which was the alleged subject of larceny in this case, "under a fair claim of right, honestly believing it was his own property, it would not be larceny," did not err in omitting to tell the jury that "the publicity of the taking is very powerful evidence of the bona fides of the claim of right." If a proper timely request had been made, the judge should have instructed the jury that they could consider the publicity of the taking as evidence (for whatever the jury might think it worth) in support of the bona fides of the claim of right. But if the judge had stated that it was *very powerful* evidence, he would have usurped the prerogative of the jury, who alone have the right to judge of the weight of the testimony, and to say whether any particular evidence is or is not very powerful.

Complaint is made that the instruction of the trial judge to the effect that "good character, when shown on the part of the defendant, is a fact, just as any other issue in the case may or may not be a fact," and that the jury might consider it in arriving at their verdict, was confusing to the jury and injurious to the defendant, because the meaning of this language is doubtful and the instruction might be construed in several ways. We see nothing confusing in this instruction, nor is it erroneous. Good character is merely one of the facts of the case. The charge as given is a correct statement of the law; and if the defendant had desired that the jury should be instructed in addition thereto that evidence of good character might of itself generate a reasonable doubt of the defendant's guilt, a request to this effect should have been preferred.

While the instruction that "in all civil cases a preponderance of testimony is considered sufficient to produce mental conviction; in criminal cases greater strength of mental conviction is held necessary to justify a verdict of guilty" (Penal Code, §986; Civil Code, §5144), may in a sense be inapplicable, it certainly could not be harmful to the defendant to caution the jury that a greater

strength of mental conviction was required in order to justify a verdict of guilty than would ·be necessary to find a verdict for either party in a civil case.

The complaint that the trial judge did not charge the exact phraseology of the statute as to the defendant's statement to the jury (Penal Code, §1010) is not well founded. It has several times been held that a trial judge can very appropriately confine his charge upon the defendant's statement to the exact language of the code section. See *Fields* v. *State*, 2 *Ga. App.* 41 (4), 47 (58 S. E. 327), and cit. But it does not necessarily follow that an instruction upon the subject of the statement is erroneous because the exact language of the code section is not quoted verbatim. In the present case there is no material variation between the language employed by the trial judge in charging upon the defendant's statement and the language of the law.

To charge the jury that the law presumes every act which is of itself unlawful to be criminally intended, until the contrary appears, is not erroneous as being the expression of an opinion by the court upon the evidence; nor could the instruction have been harmful to the defendant in this case.

We do not think that the judge was required, in giving the jury the form of their verdict, to repeat the instruction which he had previously given, that the jury's verdict should be based upon their opinion of the evidence. And while his use of the words "you desire" was perhaps inappropriate, in the instruction as to the form of the verdict (where he said, "in the event you desire to find the defendant guilty, under the rules of law given you in charge, the form of your verdict would be, 'We, the jury, find him guilty' "), yet as the same expression was used both as to a verdict of acquittal and as to a verdict of conviction, it does not appear that the error is material or harmful to the defendant.

The charge of the court that the defendant "would have to acquire a fair claim of right by purchase, before he could have such a fair claim of right as the law recognizes," is manifestly incorrect and erroneous, if treated as a general statement of the law. But inasmuch as the whole question in the present case was whether the defendant had purchased the flour in question or not, and inasmuch as he did not claim any right to the flour except by purchase, the error could not be harmful,—could not have con-

fused the jury or have hampered them in fairly and fully construing the evidence introduced in behalf of the defendant. So far as the case at bar was concerned, the defendant could not acquire a fair claim of right except by purchase. Witnesses for the State testified that the defendant took the flour without purchasing it. And there was testimony in behalf of the defendant, outside of his statement, that he purchased the sack of flour and paid for it. This, therefore, became the crucial point in the case. And while the charge of the court that the defendant had to show that he obtained the property by purchase was incorrect as a general proposition, it was not injurious to him, for the jury were informed that if he purchased the flour, or if they were in doubt as to whether he purchased it or not, he should be acquitted. As he did not deny taking the flour, and rested his right to take it only upon the fact that he had purchased it, other methods by which he might readily have acquired title to the flour were immaterial to his defense.                    *Judgment affirmed.*