## HART v. THE STATE.

FISH, C. J. While the evidence for the State was ample to authorize the verdict finding the accused guilty of the offense of murder, there was evidence for the accused which tended to show that two brothers and their aunt, accompanied by the decedent, went to the house of the ac-

cused for the purpose of demanding of him a settlement of certain claims of the aunt against him; that when one of the brothers demanded such a settlement, the accused contended ·that there was nothing to be settled, as he had already made a settlement with the lady; whereupon the man who had demanded the settlement applied opprobrious and abusive language to the accused, who advanced upon him as if to resent such language with a blow· of the fist, and the user of the opprobrious language ran his hand under his coat as if to draw a weapon; whereupon the accused, who had come out to meet the visitors, turned and went back into his house and returned at once with a Winchester rifle, and he and the party who had used the abusive words, who then had a pistol in his hand, immediately began shooting at each other, the first shot from the rifle of the accused striking and ultimately killing the decedent, who, relatively to the accused, was standing beyond and in a line with the person at whom the accused was shooting. This evidence was sufficient to require a charge on the law of voluntary manslaughter, upon the theory that the decedent was unintentionally shot and killed by the accused, while he was engaged in a mutual combat with another person, which was the result of sudden heat of passion and willingness to fight in both combatants, and that ·the accused shot in hot blood and without malice. *Gann* v. *State,* 30 *Ga.* 67; *McDuffie* v. *State,* 90 *Ga.* 787 (17 S. E. 105); *Caruthes* v. *State,* 95 *Ga.* 343 (22 S. E. 837).

*Judgment reversed. All the Justices concur.*

NOVEMBER 16, 1910.

Indictment for murder. Before Judge Mitchell. Colquitt superior court. July 1, 1910.

*James Humphreys, Edwin L. Bryan,* and *J. W. Walters,* for plaintiff in error. *H. A. Hall, attorney-general, J. S. Ridgdill, solicitor-general, J. A. Wilkes, Shipp & Kline,* and *W. A. Covington,* contra.

