## HARRIS *v.* THE STATE.

HOLDEN, J. 1. The evidence did not warrant a charge upon the subject of involuntary manslaughter, and the failure to charge thereon is not cause for a new trial. Even if the defendant's statement warranted a charge upon this subject, there was no error requiring a new trial in failing to give it, there being no written request therefor.

2. One assignment of error is as follows: "Because the court erred in charging the following, to wit: 'Now it has been suggested in the evidence that when this defendant was arrested, that he stated he did not intend to kill the deceased, and you remember what he stated, or what was said that he stated at the time of his arrest.' This is error: (*a*) In that it is argumentative. (*b*) In that it is an expression of an opinion of what has been proved." After delivering this charge, and in immediate connection therewith, the court instructed the jury: "Now, whether that is true or not, of course, or whether he made that statement, is a matter of evidence which you must determine; but if you should accept that testimony, under the rules I shall hereafter give

you in charge, as a proven fact in the case, then it would be proper for me to call your attention to this rule. If it be so, if you find it to be so under the evidence that this defendant designed at that time to kill this man, Giles, and shot at him with that intent, and, instead of killing Giles, killed the deceased, why, his guilt or innocence with respect to killing the deceased would be measured by the same rules as it would be measured by in the event he had killed Giles." In this same connection the court also charged: "Now, of course, I give you in charge that principle of law in this case for you to consider in the event you find the evidence justifies its consideration. As I suggested, you are the judges of the evidence. I can give you no assistance in matters of evidence. Matters of proof are exclusively within your province." *Held*, that the charge excepted to did not constitute error requiring a new trial. *Abney* v. *State*, 97 *Ga.* 187 (22 S. E. 567).

3. The following charge: "A reasonable doubt is such a doubt as arises from the evidence, either from the want of evidence, or conflict in evidence," was not error "because the court here failed to charge that a reasonable doubt might arise from the defendant's statement, and in no other part of his charge stated that a reasonable doubt might arise from the defendant's statement," especially in view of the charge referred to in the note below, and the instructions in other parts of the charge, that if the jury had a reasonable doubt of the defendant's guilt, they should acquit him, and the further charge, "Take the State's theory, take the evidence, take the defendant's statement, and view the whole field of evidence, and determine what the truth of this case is, and let the verdict express the truth as you ascertain it. That is your duty." *Jordan* v. *State*, 130 *Ga.* 406 (60 S. E. 1063).

4. The only other special assignment of error is as follows: "Because, after charging as follows: 'He [defendant] has the right to make a statement, not under oath. It is your province to consider his statement in connection with the sworn testimony, and give it such weight as you think it entitled to. You have the right to believe it in preference to the sworn testimony in the case,' the court charged the following: 'You should not do so carelessly or capriciously, however, but, under your oath as jurors, take his statement, and consider it along with all the facts and circumstances developed in the case, and give it such weight as you think proper.' Defendant objects principally to that portion of the charge which states that the jury should take his statement and consider it along with all the facts and circumstances developed in the case. This is error: (*a*) In that it is argumentative. (*b*) In that it is not sound in law, because the defendant's statement may be considered and believed by the jury irrespective of the other facts and circumstances developed in the case; and said charge leads the jury to believe that it must not be, or can not be taken into consideration alone, but must be considered with the other evidence. (*c*) Because this portion of the charge takes all the force from the correct charge that the statement may be believed in preference to the sworn testimony." *Held*, that the charge excepted to was not error requiring a new trial for any of the reasons assigned.

(*a*) Counsel for the plaintiff in error request us to review and overrule the decisions of this court in the 9th headnote in the case of *Keller* v. *State*, 102 *Ga.* 506 (31 S. E. 92), the 5th headnote in the case of *Smalls* v. *State*, 105 *Ga.* 669 (31 S. E. 571), and in the case of *Barnes* v. *State*, 113 *Ga.* 716 (39 S. E. 488), in so far as these decisions hold that it is not reversible error for the court to give the jury a charge similar to the one excepted to in this case and quoted in the above note. The decisions in the cases referred to were not rendered by a full bench; and if we thought the decisions, in the particulars named, were unsound, we could refuse to follow them without formally overruling them. The rulings referred to, with respect to the particulars named, we regard as correct, after a careful consideration of the same, for the reasons set forth in the 9th division of the opinion in the *Keller* case, supra.

5. The verdict was supported by the evidence.

> *Judgment affirmed. Fish, C. J., absent. The other Justices concur.*

MARCH 15, 1911.

Indictment for murder. Before Judge Seabrook. Liberty superior court. December 17, 1910.

The defendant was convicted of the murder of Gilbert Williams, and excepted to the order of the court overruling his motion for a new trial. There was testimony in behalf of the State, substantially as follows: Eight or ten men, including the defendant and the deceased, were in a house together. The defendant said: "All of you who got your pistols go to shooting." He then fired his pistol. The ball struck a table, glanced to the ceiling and "came down and struck Tom Giles on the shoulder." He again fired the pistol, the ball therefrom striking the deceased in the temple and killing him. The defendant then ran from the house to another house about three quarters of a mile distant, where, soon after the homicide, he was captured, when he stated that he did not intend to kill the deceased, but intended to kill Tom Giles. The defendant had previously had a quarrel with Tom Giles. One witness testified that all the parties were going to shoot at a target with a small pistol which Tom Giles had in his hand. Tom Giles "said he could hit the target, and this boy Henry [the defendant] and Tom had the dispute, and Tom said, 'I will see if I can hit the target,' and Henry said, 'All you fellows who got big pistols go to shooting.'" Whereupon the defendant did the shooting above detailed. This witness said all of the others in the house were drinking. Tom Giles testified that he and the defendant had a quarrel the night before the homicide, but had no quarrel on the day of the homicide. He said nothing about shoot-

ing at a target. The defendant did not shoot "at any one in particular," but shot "into the crowd where I and the deceased were standing." The defendant introduced no testimony, but made a statement in the course of which he said: "I pulled out my pistol and I shot right down in the ground, and in putting the pistol back in the belt it went off, and how it went off I can not tell to save my life. I had nothing against any of these men, and would not hurt that man, or any of them, for anything in the world, because I loved him. I and him were always good friends, and I loved him. . . . I and him [Tom Giles] had a few words, and we talked over them like men would do, and we settled it. I never spoke to him, or any man, that I intended to kill Tom Giles, because I did not say that."

*David S. Atkinson*, for plaintiff in error. *H. A. Hall, attorney-general*, and *N. J. Norman, solicitor-general*, contra.