LITTLE *v.* THE STATE.

HINES, J. 1. A request for instruction which does not state the law correctly is properly refused. *Thompson* v. *State,* 55 *Ga.* 47 (5).

2. The refusal of the trial judge to give in charge to the jury the instruc-

Criminal Law, 16 C. J. p. 1063, n. 85; p. 1066, n. 89.
Homicide, 30 C. J. p. 57, n. 61; p. 368, n. 16; p. 385, n. 16.
Juries, 35 C. J. p. 252, n. 59.

tion upon reasonable fears, as requested by the defendant, was not error, as it omitted to embrace the essential elements of the reasonableness of the fears and felonious character of the shooting.  The fear which will wholly justify a homicide must be one of a felony apparently about to be committed by the deceased upon the slayer.  Penal Code (1910), § 71; *Freeman* v. *State*, 112 *Ga.* 48 (5) (37 S. E. 172); *Long* v. *State*, 127 *Ga.* 350 (56 S. E. 444); *Johnson* v. *State*, 136 *Ga.* 804 (72 S. E. 233); *Drew* v. *State*, 136 *Ga.* 658 (71 S. E. 1108).  The allegation that the defendant was under an honest belief and fear that the deceased was "making an effort to shoot him" was not the equivalent of an allegation that the defendant was under a fear that the deceased was making an effort to commit a felony upon him, as a shooting may not be felonious.  It follows that the requested instruction was not accurate, and for this reason was properly refused.  Besides, as the judge fully and fairly charged the jury the law of reasonable doubt and the principle of reasonable fears as a justification for homicide, he was not bound to comply with this request.  *Dotson* v. *State*, 129 *Ga.* 727 (4) (59 S. E. 774); *Campbell* v. *State*, 144 *Ga.* 224 (4) (87 S. E. 277).

3. A juror who has served as a grand or traverse juror at any session of a superior, county, or city court is ineligible for duty as a juror at the next succeeding term of such court, except that a traverse juror may serve as a grand juror at the next term of the superior court, and except further that this ineligibility does not exist in a county where the grand-jury box contains not more than one hundred names and the petit-jury box contains not more than three hundred and fifty names. Penal Code (1910), § 824; Acts 1911, p. 72; 6 Park's Code, § 824.  But this principle only disqualifies a juror for service at the next succeeding term after he has served at the preceding term.  So where a grand juror served at the March term, 1927, of Morgan superior court, and where no grand jury served at the succeeding June term, 1927, of that court, such grand juror was eligible to serve as a traverse juror at the September term, 1927, of that court, and the trial judge did not err in so holding.

4. The verdict is supported by evidence.

*Judgment affirmed.  All the Justices concur.*

*J. E. Pottle, E. R. Lambert,* and *Orrin Roberts,* for plaintiff in error.

*George M. Napier, attorney-general, Joseph .B. Duke, solicitor-general, T. R. Gress, assistant attorney-general,* and *A. G. Foster,* contra.