CRUCE, administrator, *v.* CRUCE *et al.*

No. 7025. MAY 16, 1929.

*O. A. Nix* and *W. L. Nix,* for plaintiff.
*John I. Kelley* and *I. L. Oakes,* for defendants.

HINES, J. On July 14, 1919, S. O. Cruce executed to his sons, W. G. and H. C. Cruce, his bond for title, whereby he obligated himself to convey to them a described tract of land, upon the payment by them of their ten notes for $1000 each, payable respectively January 1, 1921, 1922, 1923, 1924, 1925, 1926, 1927, 1928, 1929, and 1930, each note drawing 8 per cent. interest from date, payable semi-annually. On December 8, 1921, S. O. Cruce executed to his said sons his warranty deed to said tract of land, for an alleged consideration of $8,000. The consideration of said deed was not paid in cash, but the maker retained eight of the above notes in lieu thereof. On December 28, 1921, the sons executed to Lida Simpson their deed to said lands to secure the sum of $2807.35. On April 1, 1924, the sons executed to Lida Simpson a quitclaim deed to said land. The eight notes retained by the father in lieu of the cash, for the purchase-money of said land, were not paid. The makers were adjudged bankrupts, and were discharged from the payment of said notes. On February 10, 1925, C. C. Cruce, as administrator of S. O. Cruce, filed his petition against H. C. Cruce, W. G. Cruce, and Lida Simpson, to have canceled said deed from S. O. Cruce to his sons and the deed from the sons to Lida Simpson, upon the ground that the maker was old, infirm, and mentally incapable of executing said deed to his sons; and to have said property declared to be the property of the

estate of the maker. W. G. Cruce and Lida Simpson filed their answer in which they denied the allegations on which the plaintiff relied for a recovery. The jury rendered a verdict in favor of the defendants. The plaintiff moved for a new trial upon the general grounds, and upon one special ground. The trial judge overruled the motion, and the plaintiff excepted. The only assignment of error insisted upon by the plaintiff in this court is the refusal of the judge, when timely requested in writing by counsel for the plaintiff, to give to the jury this instruction: "It is proper for you to inquire whether the conveyance in question is just and reasonable, and whether it is in accord with the state of the grantor's family relations, taking into consideration the source from which the property disposed of came into his possession. In case of doubt as to the extent of mental weakness, the reasonable or unreasonable disposition of the estate of the grantor may be considered by you."

It is not error for the court to refuse a request for a charge which is not accurate and is not properly adjusted to the facts of the case. *Bridges* v. *Donalson,* 165 *Ga.* 228 (5) (140 S. E. 497); *Little* v. *State,* 166 *Ga.* 189 (142 S. E. 674). The instruction requested was not properly adjusted to the facts of this case. The reasonableness or unreasonableness of the conveyance from the father to his sons did not depend upon whether it was in accord with the state of the grantor's family relations, or upon the source from which the property conveyed came into the possession of the father, or upon the reasonable or unreasonable disposition of the estate of the grantor. The only element of unreasonableness in the transaction arises from the conveyance by the father to his sons without the payment of the purchase-money in cash, and the retention by him of unsecured purchase-money notes for the consideration of the deed.

*Judgment affirmed. All the Justices concur.*