21989.   BRENT *v.* THE STATE.

LUKE, J.   1. Where a bank check was issued payable to an association and was indorsed in the name of the payee "By J. L. Colton, Sec.," the purported secretary's name so used being fictitious and the indorsement wholly unauthorized, the counterfeit indorsement became a "writing" within the meaning of § 249 of the Penal Code (1910), Prussian *v.* United States, 282 U. S. 675 (51 Sup. Ct. 223).

2. The defendant having made a statement to the jury without mention, by him or his counsel, of his willingness to be cross-examined, it was not erroneous for the court, in charging the jury as to the weight of that statement, to say that the defendant was "not subject to cross-examination." *Murray* v. *State*, 85 *Ga.* 378 (2) (11 S. E. 665); *Cargile* v. *State*, 137 *Ga.* 775 (2) (74 S. E. 621).

3. The charge of the court having correctly defined both direct and circumstantial evidence, and evidence of both kinds being before the jury, it was not, for any reason assigned, erroneous for the court. to add: "And if you consider this case one of circumstantial evidence, you will not be authorized to find the defendant guilty unless you believe that the defendant has been proven guilty to your satisfaction and to the exclusion of every other reasonable hypothesis than that of the guilt of the accused." Penal Code (1910), § 1010.

4. The forgery alleged in the indictment being an indorsement upon a genuine bank check, it was not, for any reason assigned, erroneous to instruct the jury as follows: "If you should believe, under the instructions I have given you, that this defendant did designedly—that is, knowingly—by color of the check which is set out in the indictment, alleged to be indorsed by counterfeit or fictitious name of J. L. Colton, secretary, and knowing the same to be indorsed by this fictitious name, obtain from the corporations or persons which are set out in the indictment, or from any of them, or from all of them, the shoes or the money or any part thereof which is alleged in the indictment, and that he did it with intent to defraud those persons, then you would be authorized to find him guilty." Penal Code (1910), § 249.

5. Complaint is made of the following charge: "If you believe that he [the defendant] did not know of the counterfeit or fictitious name on the check, if you believe it was such, or that it was not designedly done by him, or not with the intent to defraud or to take the property of any of those persons as alleged in the indictment, then he would not be guilty." Nothing in this charge afforded the accused any ground of complaint.

6. The proposed newly discovered evidence is not only that of a witness who testified on the former trial, but is not of such a nature that it would probably change the result upon another trial.

7. The evidence authorized the verdict, and the judgment overruling the motion for a new trial was not erroneous for any reason assigned.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED FEBRUARY 17, 1932.

*Homer Watkins, M. G. Hicks, Durwood T. Pye,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.