### 24970. Stowe v. The State.

Guerry, J. 1. The jury were authorized to find, from the evidence submitted, that accused and the deceased entertained a mutual intent to fight, and did engage in mutual combat in pursuance of this intention, the accused having a gun and the deceased a knife, and that during the rencounter the deceased was mortally wounded by a charge from the pistol held by the accused. A verdict of voluntary manslaughter was therefore amply authorized. It would have been error, harmful to the accused, had the judge failed to charge the jury the law of manslaughter as related to mutual combat. See Code of 1933, § 26-1007; *Hart* v. *State*, 135 *Ga.* 356 (69 S. E. 530); *Findley* v. *State*, 125 *Ga.* 579 (54 S. E. 106); *Waller* v. *State*, 100 *Ga.* 320 (28 S. E. 77); *Dorsey* v. *State*, 110 *Ga.* 331 (35 S. E. 651); *Gann* v. *State*, 30 *Ga.* 67.

2. Where in a criminal trial the judge fully and fairly charged the jury concerning the law of reasonable doubt, he was not bound to give a requested instruction, in effect, that if the jury had a reasonable doubt as to the existence of some particular and specially enumerated fact, or what should be the proper inference therefrom, it would be their duty to give the accused the benefit of such doubt. *McDuffie* v. *State*, 90 *Ga.* 786 (17 S. E. 105); *Campbell* v. *State*, 144 *Ga.* 224 (87 S. E. 277), and cit.; *Little* v. *State*, 166 *Ga.* 189 (142 S. E. 674); *Watkins* v. *State*, 18 *Ga. App.* 60 (88 S. E. 1000); *Tolbert* v. *State*, 127 *Ga.* 827 (56 S. E. 1004); *Delk* v. *State*, 92 *Ga.* 453 (17 S. E. 269); *Williams* v. *State*, 123 *Ga.* 138 (51 S. E. 322).

3. In the absence of a timely and appropriate written request, it is not error, in charging upon the law of voluntary manslaughter as contained in the Code of 1933, § 26-1007, to fail to qualify the statement that "provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder," by presenting also the principle that words, threats, or menaces, under the facts of the case might be sufficient to arouse the fears of a reasonable man that his person was in apparent danger of a felonious attack or that his life was in danger. *Hartley* v. *State*, 168 *Ga.* 296 (147 S. E. 504); *Rawls* v. *State*, 160 *Ga.* 605 (128 S. E. 747);

*Deal* v. *State,* 145 *Ga.* 33 (88 S. E. 573); *Vernon* v. *State,* 146 *Ga.* 709 (92 S. E. 76); *Brown* v. *State,* 36 *Ga. App.* 83 (135 S. E. 513).

4. "In the trial of one indicted for murder, where the evidence adduced to establish the homicide presents two conflicting theories of fact, one based upon circumstances indicating malice and the other upon warranted inferences which negative its existence, then it becomes a question of fact, to be decided by the jury, as to which one of these inconsistent theories is in accord with the real truth of the occurrence. In such a case it is proper to charge the jury that the law presumes every homicide to be malicious, until the contrary appears from circumstances of alleviation, or excuse, or justification, and that it is incumbent on the prisoner to make out such circumstances to the satisfaction of the jury, unless they appear from the evidence produced against him." *Mann* v. *State,* 124 *Ga.* 760 (5 S. E. 324, 4 L. R. A. (N. S.) 934).

5. In the trial of a murder case, where both the State and the accused contend that the shooting was intentional, the State contending that the shooting amounted to murder and was without provocation, and the defendant contending that the shooting was done in self-defense, it was not error to fail to charge the jury the law in reference to shooting at another. Nor was it error to fail to charge on the law of involuntary manslaughter or assault and battery. Nothing ruled in *Watson* v. *State,* 116 *Ga.* 607 (43 S. E. 32, 21 L. R. A. (N. S.) 1), is contrary to this ruling.

6. For no reason was the following charge of the court error: "Now a reasonable doubt is just what the term implies. It is a doubt based upon reason, a doubt for which you can give a reason. It is not a whim, fancy, conjecture, or supposition that the defendant might be innocent, but it is such a doubt as a reasonable man would have, entertain, act upon, or decline to act upon in a matter of importance and of grave concern to himself."

7. The court gave the following charge to the jury: "If you believe that the defendant did kill the deceased, but that in so doing she was not actuated by malice, as I have said,—that she was actuated by the sudden impulse of passion supposed to be irresistible, then your verdict would be that of voluntary manslaughter." The error assigned upon this charge is the omission of the word "unlawfully" after the word deceased. In view of the charge as a whole, this assignment does ·not present reversible error. See *Cox* v. *State,* 64 *Ga.* 374 (37 Am. R. 76); *Parker* v. *State,* 51 *Ga. App.* 295 (180 S. E. 390). It appears from the record in *Howell* v. *State,* 162 *Ga.* 14 (134 S. E. 59), that this identical question was raised,· and the Supreme Court held that the exception was without merit.

8. None of the remaining assignments of error require discussion. Under the above principles, the court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED AUGUST 2, 1935. REHEARING DENIED SEPTEMBER 19, 1935.

*Thomas A. Jacobs Jr.,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.