30640.  CARTER *v.* THE STATE.

DECIDED SEPTEMBER 20, 1944.  REHEARING DENIED OCTOBER 19, 1944.

*James R. Venable, Frank A. Bowers, Jackson L. Barwick, George T. Manley,* for plaintiff in error.

**John A. Boykin, solicitor-general, J. R. Parham, Durwood T. Pye,** contra.

GARDNER, J. 1. The defendant assigns error on the overruling of his motion for a new trial. As to the general grounds, the only contention argued is, that the defendant was drunk at the time of the commission of the crime. Voluntary drunkenness shall not be an excuse for the commission of a crime. Code, § 26-403. The evidence amply sustains the verdict.

2. Special ground 1 complains of the following charge to the jury: "I charge you that these indictments are not evidence against the defendant Roy Carter, but that Roy Carter, the defendant, enters upon the trial of this case with the presumption of innocence in his favor, and that presumption of innocence remains with the defendant throughout this trial and until and unless evidence is produced to satisfy your minds and consciences beyond a reasonable doubt of the guilt of the defendant." The following exceptions and assignments of error are directed against this charge: (a) It was not an accurate, complete, and full statement of the law, and was not adjusted to the issues of the case; (b) it tended to mislead and confuse the jury; (c) it confused and misled the jury into considering "presumption of innocence" to be synonymous with "reasonable doubt;" (d) it misled and confused the jury as to the true and correct rule relative to the presumption of innocence, in that the jury were thereby permitted to consider such presumption as a prima facie presumption only, which would vanish upon the introduction of evidence by the State tending to show the defendant's guilt, without regard to the fact that such presumption was to have the weight of evidence and to be considered as evidence in his favor; (e) by it the jury were given the impression that where the State introduced some evidence tending to show the defendant's guilt, the presumption of innocence in his favor vanished; (f) it was not a fair, full, and accurate statement of the law as applied to the presumption of innocence, and that such presumption of innocence was to be considered as evidence in his favor, the court nowhere instructing the jury to this effect; and further, the court nowhere instructed the jury that this presumption of innocence shielded the defendant throughout his trial, and that the burden was on the State to prove his guilt beyond a reasonable doubt to the satisfaction of the jury; (g) the charge was argumentative, not adjusted to the issues, and incorrect as a matter of law.

Counsel cite a number of cases in support of their contentions. In *Reddick* v. *State,* 11 *Ga. App.* 150 (4) (74 S. E. 901), this court simply held that in that case it was error for the court to fail to charge substantially "to the effect that the defendant enters upon his trial with the presumption of innocence in his favor, and that this presumption of innocence remains with him throughout the trial and until his guilt is established by proof." Counsel also cite *Webb* v. *State,* 11 *Ga. App.* 850 (76 S. E. 990), and *Butts* v. *State,* 13 *Ga. App.* 274 (2) (79 S. E. 87). In the latter case this court reversed the judgment of the court below because the court failed to charge "to the effect" that the defendant enters upon his trial with a presumption of innocence in his favor. *Townsend* v. *State,* 14 *Ga. App.* 757 (82 S. E. 253), was also reversed because the court failed to charge this principle of law. In *Gardner* v. *State,* 17 *Ga. App.* 410 (87 S. E. 150), a reversal resulted because the court in charging on the presumption of innocence used in connection therewith the words "a reasonable doubt of the law." It was held in effect that this latter qualification as to reasonable doubt in connection with the charge on presumption of innocence beclouded the principle of law as to presumption of innocence. It will be noted that Judge Broyles dissented. In *Hayes* v. *State,* 18 *Ga. App.* 68 (4) (88 S. E. 752), this court held: "In any criminal case it is error to omit to charge the jury to the effect that the defendant is presumed to be innocent, and that the presumption of innocence is in the nature of evidence in behalf of the defendant. But in the absence of an appropriate request for more specific instruction, an excerpt from the charge of the court, in which the jury were told that the defendant was presumed to be innocent, and that the burden was upon the State to establish his guilt to a moral and reasonable certainty and beyond a reasonable doubt, was not subject to exception merely because the judge omitted to state to the jury that the presumption of innocence remained with the defendant until overcome by proof." It will be observed that in the latter case the opinion was written by Judge Russell, who also wrote the opinions in the *Butts* and *Gardner* cases. Counsel also cite *Jones* v. *State* 113 *Ga.* 271 (38 S. E. 851); *Sikes* v. *State,* 120 *Ga.* 494 (48 S. E. 153); and *Raysor* v. *State,* 132 *Ga.* 237 (63 S. E. 786). We find nothing in these decisions, or in any of the other decisions cited by counsel for the plaintiff in error, or in any deci-

sions of the appellate courts, to sustain the contention that the excerpt from the charge of the court set out in this ground, when taken in connection with the whole charge, is ground for reversal. In this connection we call attention to the case of *Kines* v. *State*, 67 *Ga. App.* 314 (6) (20 S. E. 2d, 89). There is no merit in any of the assignments of error contained in this ground.

3. Special ground 2 complains of the following charge of the court: "A reasonable doubt means a doubt 'for which you can give a 'reason, not a fanciful or capricious doubt, but a doubt which legitimately arises from the evidence in the case, the want of evidence, or the defendant's statement." Error is assigned on this portion of the charge on the grounds: (a) that it was not a correct statement of the law; that it was incomplete and inaccurate as a definition of reasonable doubt; (b) that it tended to confuse and mislead the jury; (c) that it was incorrect and not in the language of the Code, § 38-110; (d, e, f) that it was given in such immediate connection with the charge on presumption of innocence as set out in special ground 1 that it tended to deprive the defendant of the benefit of the presumption of innocence, was confusing to the jury, and misleading to the extent that they may have considered "the presumption of innocence" to be synonymous with "reasonable doubt;" (g) that it was not a fair charge; was an inaccurate and incorrect statement of the law which tended to prejudice the defendant and to nullify the presumption of innocence; (h) because of the failure to charge as to the burden of proof, and as to the presumption of innocence, and to use the words "the want of evidence," was prejudicial and tended to impress the jury that the defendant should produce evidence to prove his innocence. Counsel cite several foreign decisions in support of this ground. The excerpt here complained of was substantially the same as that approved in a number of decisions of both the Supreme Court and this court. We call attention to *Barnard* v. *State*, 119 *Ga.* 436 (46 S. E. 644); *Bonner* v. *State*, 152 *Ga.* 214, 215 (109 S. E. 291); *Lumpkin* v. *State*, 152 *Ga.* 229 (109 S. E. 664); *Merritt* v. *State*, 152 *Ga.* 405 (110 S. E. 160); *Stowe* v. *State*, 51 *Ga. App.* 726 (6) (181 S. E. 419); *Kryder* v. *State*, 57 *Ga. App.* 200 (2) (194 S. E. 890); *Pierce* v. *State*, 66 *Ga. App.* 737 (19 S. E. 2d, 192); *Bradford* v. *State*, 69 *Ga. App.* 856, 858 (26 S. E. 2d, 848). The assignments of error in this special ground are without merit.

4. In special ground 3 error is assigned upon the following charge of the court: "The defendant has made a statement in this case, not under oath and not subject to cross-examination, but I instruct you that you may give to that statement such weight and credit as you see fit. You may believe it in whole or in part, or you may believe it in preference to the sworn testimony in the case, if you see fit." The errors assigned on this charge are: That it tended to harm the movant, in that it was an inaccurate statement of the law, not being in the language of the Code, § 38-415; that it was couched in such phrases and so arranged as to give the jury the impression that very little weight ought to be given to it; that it did not instruct the jury that the defendant had a right, as a matter of law, to make a statement; that it tended to impress the jury with the thought that because the defendant was not subject to cross-examination his statement and any theory presented thereby were worth little; that it did not completely and accurately cover the provisions of the Code section; that it was argumentative, and curtailed the law on this principle regarding the defendant's rights. This court held in *Brundage* v. *State,* 7 *Ga. App.* 726, 728 (67 S. E. 1051): "It has several times been held that a trial judge can very appropriately confine his charge upon the defendant's statement to the exact language of the Code section. See *Fields* v. *State,* 2 *Ga. App.* 41 (4), 47 (58 S. E. 327), and cit. But it does not necessarily follow that an instruction upon the subject of the statement is erroneous because the exact language of the Code section is not quoted verbatim. In the present case there is no material variation between the language employed by the trial judge in charging upon the defendant's statement and the language of the law." See also *Brent* v. *State,* 44 *Ga. App.* 777 (163 S. E. 319). There is very little difference in substance in the charge here excepted to and the one approved by the Supreme Court in *Millen* v. *State,* 175 *Ga.* 283 (3) (165 S. E. 226). There is nothing in the cases cited by the plaintiff in error which conflict with the above rule, particularly when we consider the charge as a whole when applied to the evidence and the defendant's statement. The cases cited by counsel under this ground are: *Wheeless* v. *State,* 92 *Ga.* 19 (18 S. E. 303); *Cæsar* v. *State,* 127 *Ga.* 710 (57 S. E. 66); *Glover* v. *State,* 137 *Ga.* 82 (72 S. E. 926); *Cargile* v. *State,* 137 *Ga.* 775 (74 S. E. 621). We might also call at-

tention to the many cases cited in Ga. Code Ann., § 38-415, dealing with the defendant's statement. It is our view that the excerpt here complained of is a substantial compliance with the provisions of the Code on the principle.

5. Special ground 4 is abandoned.

6. Special grounds 5 and 6 complain of failures to charge in the absence of a written request. The failure to charge complained of under special ground 5 is as follows: "The burden of proof in these cases, gentlemen, is upon the State to prove to your satisfaction beyond a reasonable doubt that the defendant is guilty of the charges in these indictments." The failure to charge of which complaint is made under ground 6 is as follows: "Presumption of innocence in favor of the defendant is a fact in these cases which must be considered with all the evidence, and must not be disregarded, and is not such a presumption as disappears upon the introduction of evidence to the contrary." It is contended that because of the errors pointed out by counsel for the defendant in the excerpts in special grounds 1 and 2, the court should have charged the principles there dealt with in the language, or substantially so, set forth in grounds 5 and 6. Since we have held, in dealing with special grounds 1 and 2, that in the absence of a written request, viewing the charge as a whole, under the evidence in this case, the assignments of error are without merit, it necessarily follows, if we are correct in what we said regarding the assignments of error in special grounds 1 and 2, that the assignments of error in special grounds 5 and 6 are not meritorious. In dealing with grounds 5 and 6, counsel for the plaintiff in error have relied largely upon the authorities submitted in dealing with grounds 1 and 2. Therefore we will not here discuss the principles further. We have examined the additional authorities submitted, and find nothing in them that would warrant a reversal on any of the assignments of error under special grounds 5 and 6.

7. Special ground 7 complains because the court failed to charge as follows: "If the jury is satisfied beyond a reasonable doubt that [the defendant] is guilty of either sodomy or an attempt to commit sodomy, one or the other, but have a reasonable doubt as to which of these offenses the defendant is guilty of, it is your duty, gentlemen, to give the defendant the benefit of that doubt." This request does not present a correct principle of law. There is no

632

evidence of an attempt to commit the crime for which the defendant was convicted; on the contrary the evidence shows the completed act. This being true, we may concede, without deciding, that the charge here requested expresses a correct principle of law; still the refusal to give it would not be reversible error, since the evidence shows a completed act. *Alexander* v. *State, 66 Ga. App.* 708 (5) (19 S. E. 2d, 353). The assignment of error in this ground is without merit.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*