### 32527. ULEY *v.* THE STATE.

DECIDED NOVEMBER 9, 1949.

*W. C. Hodges,* for plaintiff in error.

*R. L. Dawson, Solicitor-General,* contra.

MACINTYRE, P. J. Peter Uley was indicted in the Superior Court of Liberty County for assault with intent to murder Henry S. Bell. He was convicted of unlawfully shooting at another. His sentence was fixed at not less than one year nor more than two years with the recommendation of the jury that he be punished as for a misdemeanor. He moved for a new trial, which motion was overruled and he excepted.

■ The defendant contends that since, under the evidence in this case only two theories are possible: namely, that he is either guilty of assault with intent to murder as charged, or that he is not guilty, the court erred in giving in charge to the jury the law with reference to the unlawful shooting at another and, for purposes of comparison, the law of voluntary manslaughter. Special grounds 4, 5, and 6 are based upon this contention, and in these grounds the defendant does not question the court's accuracy of language in stating the law of the unlawful shooting at another and of voluntary manslaughter, but contends that the error

consists in the giving of the law on these subjects when the evidence did not authorize it.

According to the defendant in his statement to the jury, the shooting took place in the following manner: He had worked with the prosecutor in the past, and he and the prosecutor had never had any "hard feelings" between them until the day of the shooting. He had been at his home when, upon the insistence of Nathaniel Jones, he went in his truck, taking Nathaniel, to the prosecutor's place of business to get some beer. He was driving the truck, and upon reaching the prosecutor's store, Nathaniel got out and went into the store while the defendant was in the act of turning the truck around in the direction of his home from which he had come. Near the prosecutor's store, several boys were at that time attempting to crank their automobile by pushing it, and when the defendant had turned his truck around and had almost reached the steps of the store, the boys' automobile cranked and backfired or "popped a time or two" and as the defendant reached the steps the following argument ensued between him and the prosecutor: "Henry asked me what is I shot at out there for and I tell him I didn't shoot, I ain't got nothing to shoot, he said, 'You tell a damn lie, you did shoot out there,' and I said, 'Henry, I didn't come up here for no row,' I said, 'I just only come up here with Nathaniel for a bottle of beer.' Well he cursed me for everything he could think of, so I didn't even get the boy [Nathaniel], I turned around and started back and he called me back to the door and I didn't went no farther than the steps and I talked with him and he still cursing me. I said, 'Henry, you should not curse me like that. I ain't did nothing to you. I just come up here to appreciate you, your business.' He said, 'You a damn lie.' So I went back, and he said, 'Now damn it, if yous'e hot about it go home and get you God damn gun and meet me halfway, we'll shoot it out.' So he cursed me so until I got hot and I went home [a distance of some 700 yards] and got my gun and come on to the gate to my house and just as I got out there, I couldn't see him, a gun fired and he sprinkled my legs with shot from here, see where the shot hit me all there (indicating from the ankle to the thigh), some hit me here and some up here and that's what caused me to shoot him, I just shot the direction the gun fired.

I didn't even know how to hit him." Under this phase of the defendant's statement and the evidence the jury was authorized to find, irrespective of any other phase of the evidence or the defendant's statement, that both the defendant and the prosecutor were actually combatting at the time the defendant shot the prosecutor, and under this phase of the evidence and the defendant's statement the law of unlawfully shooting at another, and, for purposes of comparison, the law of voluntary manslaughter was applicable. The court charged both, and there being no exception to the correctness of the law as given, but exception only to the giving in charge of the law on these two subjects, we are constrained to hold that these grounds of the motion for a new trial are not meritorious. See *Smith* v. *State*, 51 *Ga. App.* 601, 603, 604 (181 S. E. 212); *Stowe* v. *State*, 51 *Ga. App.* 726 (181 S. E. 419); *Hart* v. *State*, 135 *Ga.* 356, 357 (69 S. E. 530); *Jenks* v. *State*, 12 *Ga. App.* 362 (77 S. E. 184); *Beckworth* v. *State*, 60 *Ga. App.* 688, 689 (4 S. E. 2d, 707).

■ We shall consider grounds 7 and 8 together. The testimony objected to in each of these grounds was admissible so that the jury could construe the conduct of the defendant as disclosed by such evidence in light of all the circumstances attendant upon the shooting in question with a view to ascertaining the impulses, motives, and passions which influenced the defendant in his action. *Hamby* v. *State*, 71 *Ga. App.* 317 (32 S. E. 2d, 546).

■ Ground 9 is neither mentioned nor argued in the brief and since there is no general insistence upon all the grounds, this ground of the motion will be treated as having been abandoned.

■ Ground 10 complains that "the court erred in failing to charge the jury the law of self-defense, as applied to the crime of shooting at another not in his own defense, though the court did charge, and correctly, so far as the defendant is able to determine, the law of justifiable homicide, but such charge was made in connection with the charge of the law of murder, and was not by the court properly applied to the lesser offense of shooting at another. The failure of the court to charge the jury this law as applied to the offense of shooting at another, deprived this defendant of the benefit of this principle of law, since the verdict of the jury was one for shooting at another and is therefore prejudicial to the rights of the defendant."

Ground 11 complains that "the court failed to charge the law of reasonable fears as embodied in Code section 26-1011 and section 26-1012 of the Code of 1933, as the same would apply to the crime of shooting at another, while the court did charge, and correctly so, this law in connection with his charge on the law of murder, he failed to give such charge in connection with the charge of the law of shooting at another not in his own defense, since the jury returned a verdict finding the defendant guilty of this offense."

The court's charge on these subjects was as follows: "I charge you in this case, gentlemen of the jury, the law of justifiable homicide. Justifiable homicide is the killing of a human being in self-defense, or in defense of habitation, property or persons against one who manifestly intends or endeavors by violence or surprise to commit a felony on either. The term felony as used in this connection means an offense for which the offender on conviction will be subject to a death penalty or service in the penitentiary and not otherwise. A bare fear of those offenses to prevent which the homicide is alleged to have been committed, shall not be sufficient to justify the killing. Gentlemen, I charge you also in this case, the rule of reasonable fears. If a person, as a reasonable man, under the circumstances, as they then exist, really believes his own life to be in danger, and acting on such reasonable fears, and for no other reason than to protect himself, he kills the person whom he thought he was in danger from, such killing would be wholly justified, although the jury may not believe the killer was in any danger at all. If the circumstances were sufficient to and they did arouse the fears of the defendant for his own safety and those fears were the fears of a reasonable man and not those of a coward or child, then such fears would be real to the defendant and he would be justified in defending against what he thought was immediate danger. Now in connection with this case, gentlemen of the jury, I charge you the law of unlawfully shooting at another as follows: Any person who shall be guilty of shooting at another with a shotgun or pistol, *except in self-defense or under circumstances of justification,* shall be punished by confinement in the penitentiary from one to four years." (Italics added.) When this portion of the court's charge is considered, and especially the italicized

portion above it is obvious that these two grounds of the motion for a new trial are without merit.

■ Applying the rule in *White* v. *State,* 27 *Ga. App.* 194 (107 S. E. 890) ; *Goldsmith* v. *State,* 54 *Ga. App.* 268, 271 (187 S. E. 684) : "It is the prerogative of the jury to believe certain parts only of the defendant's statement and to combine those parts with certain parts only of the evidence," the jury was authorized to find that the defendant and the prosecutor were engaged in mutual combat with guns and were actually combatting at the time the defendant shot the prosecutor; and, hence, the jury would be authorized in finding that the unlawful shooting at another was committed in mutual combat, begun and carried on in hot blood thus rendering both the defendant and the prosecutor blamable and that the unlawful shooting at another was not in the defendant's own defense and neither justified nor excusable.

The evidence authorized the conviction of unlawful shooting at another, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*