## 37911. MORRIS v. THE STATE.

CARLISLE, Judge. 1. The trial court charged the jury with respect to the weight and credit to be given to the defendant's statement, as follows: "Gentlemen, the defendant has a right to make to the court and jury such statement in his own defense as he may think proper and you gentlemen are authorized to give it such weight and credit only as you may think it is entitled to receive. The defendant [is] not under oath and he is not subject to cross-examination. You may believe his statement in whole or in part, and you may believe it in preference to the sworn testimony in the case, and in each of the cases, or you may disbelieve it altogether." Error is assigned on this charge on the ground that the trial judge should have omitted the word "only" from the first sentence of the charge, and should have omitted the words, "or you may disbelieve it altogether." The language employed by the court here, while not exactly the language of Code § 38-415, was in substance the language of the Code. While it has many times been held that it is better in charging on the defendant's statements simply to charge in the exact language of the Code, it is not error to depart from such exact language provided the sense of the Code section is substantially conveyed to the jury. The use of the word "only" in giving the instruction to which it is here applied is exactly in accordance with the wording of the Code section. The instruction to the jury that they might disbelieve the statement of the defendant altogether is necessarily implied in the instruction that they may give it such weight and credit as they think it is entitled to receive. This portion of the charge does not constitute harmful or reversible error for any of the reasons assigned. See Carter v. State, 71 Ga. App. 626, 630 (4) (31 S. E. 2d 666), Douberly v. State, 184 Ga. 573, 575 (4) (192 S. E. 223), and Broughton v. State, 186 Ga. 588, 590 (2) (199 S. E. 111, 120 A.L.R. 460).

2. It was not error for the court to fail to instruct the jury as to the definition of the term "reasonable doubt." Battle v. State, 103 Ga. 53, 57 (2) (29 S. E. 491).

3. The defendant was charged in a 4-count accusation with possessing non-tax-paid liquor, and with selling it on two separate occasions. Two State revenue agents testified positively that on the dates alleged in the accusation they went to the

458

defendant's house at a specified location and purchased from him one half-pint of non-tax-paid liquor each time. They positively identified the defendant as the person from whom they made the purchase. The defendant offered no witness in his behalf, and in his statement merely contended that he was not in Atlanta on the dates alleged, but was in Greensboro, Georgia. The witnesses who testified positively were in no way contradicted or discredited, and the jury were authorized to believe their testimony in preference to the defendant's statement. No contention was made on the trial of the case as to the competency of the witness, Hubert Fitts, to testify, and the fact that he made numerous purchases of whisky during an unspecified period of time but made no arrests at the time he made the purchases, went merely to his credit in identifying the defendant as one of those from whom he purchased the whisky, and the fact that the other witness was a convicted burglar, which fact does not appear from the evidence, went only to his credit. These were questions which were properly for the jury to resolve, and the jury having resolved them against the contentions of the defendant, and the evidence authorizing the verdict, and no error of law appearing, the judge of the superior court did not err in overruling and denying the petition for certiorari.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 30, 1959—
REHEARING DENIED OCTOBER 20, 1959.

*Grace W. Thomas,* for plaintiff in error.

*Paul Webb,* Solicitor-General, *John I. Kelley,* Solicitor, *Hinson McAuliffe, Eugene L. Tiller,* contra.